## SMITH V. BRADLEY.

It is no cause of arrest, that the jury have found a verdict upon insufficient evidence. A promise, which arises by operation of law, is not within the Statute of Frauds and Perjuries.

ACTION of the case, declaring — That on the 29th of April 1781 the defendant received of the plaintiff a pay-table order for £200 in state bills, which he received of Col. Champion and was accountable to him for; that the defendant in consideration thereof, promised to account to Col. Champion for it; that he hath never accounted to said Champion for it, but the plaintiff hath been compelled to pay said Champion for said order damage £133. Issue to the jury on the plea of *nonassumpsit*, and verdict for plaintiff.

Defendant moves in arrest, the insufficiency of the declaration, being upon a parol promise made in A. D. 1781, more than three years before the date of the plaintiff's writ. And by the Statute against Frauds and Perjuries said action is not maintainable.

Judgment — That the motion in arrest is insufficient.

By the COURT. It is no cause of arrest that the jury have found their verdict upon insufficient evidence, for they are judges of the weight of evidence. Woodruff v. Whittlesey, Kirby, 61. The consideration of the promise is laid to have been in April A. D. 1781, but the promise did not arise until the plaintiff was compelled to pay Col. Champion said order; and it was a promise or obligation which the law raised from the natural equity of the transaction, and not within said statute.