## A. THOUVENIN V. F. M. LEA.

The court sustained a general demurrer of the defendant as to a part of the petition of the plaintiff and overruled it as to the remainder; the part of the petition stricken out asked for a relief to which the plaintiff was not entitled; the allegations in the remainder of the petition showed that the plaintiff was entitled to the relief prayed for in the part sustained: *held*, that though the demurrer ought to have been overruled, yet as no injury resulted to defendant, he cannot be heard to complain that a portion of the petition was stricken out at his own instance.

The object of an amendment is to supply the omissions of the original pleadings. Where the amended petition merely enlarges and states more fully and accurately the facts upon which the original petition is based, or states an additional stipulation in the agreement between the parties, the statute of limitations presents no impediment to the making of such an amendment at any time during the progress of the cause. The statute only operates as a bar when it is sought under the name of amendment to present a new suit.

An agreement for the sale of land which may or may not be performed within a year, is not required by the statute of frauds to be in writing; nor is a parol contract to pay for the improvements upon land within the statute of frauds as a sale of an interest in land.

If a party make a parol agreement for the sale of land and put the purchaser in possession, and afterwards taking advantage of the fact that the contract is void by the statute of frauds, he is bound to pay for the improvements made by the occupant thus put in possession.

If in such an agreement, the vendor stipulates to pay for the improvements but makes no contract as to rents, and on his refusal to complete the agreement, he is sued for the improvements, he cannot complain that the rents of the premises were not allowed him as a set off to the improvements.

APPEAL from Tyler. Tried below before the Hon. James M. Maxey.

This was a suit brought by F. M. Lea, the appellee, against A. Thouvenin, the appellant, to recover pay for improvements.

F. M. Lea claimed pay for improvements under a parol contract between Thouvenin and D. D. Lea. By this contract, made in 1851, Thouvenin agreed to sell a tract of land containing some three hundred and twenty acres at one dollar and fifty cents per acre, on a credit of five years. D. D. Lea agreed to go into possession, improve the property and have a survey

made.   Thouvenin further agreed that if D. D. Lea became dissatisfied with the contract, he, Thouvenin, would pay him for improvements ; but made no contract as to rents in such an event. D. D. Lea took possession of the land, made improvements and had a survey of the tract run out according to the contract.   D. D. Lea died in 1852.   His interest was sold at administrator's sale and purchased by plaintiff.   Thouvenin refused to comply with his agreement.   F. M. Lea, the purchaser at administrator's sale, sued Thouvenin for both the land and pay for improvements.   On ruling upon a general demurrer of defendant, the court sustained it as to so much of the petition as sought to recover the land but overruled it as to so much of petition as sought to recover pay for improvements.   By an amended petition, the plaintiff set out more fully the terms of the agreement under which she claimed.   To the amended petition, the defendant pleaded the statute of limitation of two years.  ' To which plea the court sustained an exception. The defendant also pleaded the statute of frauds.   Many other matters were pleaded, but as they are not commented on in the opinion of the court they are not stated.   Verdict and judgment for plaintiff.   The defendant appealed.

*Pickett* and *Rock*, for appellant.

*C. C. Cleveland*, for appellee.

MOORE, J.   There was no error of which appellant can complain in the ruling of the court upon his general demurrer.   The demurrer should no doubt have been overruled.   That it was not, caused no injury to appellant.   The allegations of the petition were sufficient to show that the plaintiff was entitled to the relief asked by him with reference to which the petition was sustained. If a prayer for relief to which the plaintiff is not entitled was also embodied in his petition, the opposite party cannot complain that it has been at his instance stricken out by the court.   If there was any doubt as to the sufficiency of the original petition as an action for the recovery of pay for the improvements made upon appellant's land, this was clearly removed by the amended petition.

Nor should the exceptions to the amended petition, upon the ground that it set up a new cause of action which was barred previous to the filing of the amendment, have been sustained by the court. The cause of action presented in the original petition was the breach of contract in the sale by parol of a tract of land, by reason of which, it was alleged, appellant became liable to pay for the improvements made upon the land. The amended petition merely enlarges and states more fully and accurately the facts with reference to the same contract upon which the original petition was based. It only states an additional stipulation in the agreement between the parties, which was omitted in the original petition. It enlarges but in no manner contradicts the allegations previously made. The very object of an amendment is to supply the omissions of the original pleadings. And it never has been supposed that the statute of limitations would present any impediment to its being done at any time during the progress of the cause. The statute only operates as a bar when it is sought under the name of an amendment to present a new suit.

Neither did the statute of frauds interpose any impediment to the plaintiff's right of recovery. By the contract the appellant agreed, if there was a failure to complete the contract, or for any reason it was abandoned, that he would pay for the improvements made upon the land. There is nothing from which it can be inferred that the failure to complete the contract, (by reducing it to writing, for instance, as was stipulated should be done,) or its abandonment might not occur within a year from the time it was consummated. The purchaser, it is true, was entitled, by the agreement, to a credit of five years for the payment of the purchase money, if the contract had been reduced to writing. But appellant might have sold to another, or the contract might have been abandoned by the purchaser at any time, and upon this alone depended appellant's liability for the improvements. An agreement which may or may not be performed within a year, is not required by the statute of frauds to be in writing; it must appear from the agreement itself that it is not to be performed within a year. Roberts on Frauds, 188; Kent v. Kent, 18 Pick., 364; Smith v. Bradley, 1 Root, 150; Ives v. Gilbert, Id., 89; Russell v.

Slade, 12 Conn., 455; Moore v. Fox. 10 Johns, 244.) Nor is a parol contract to pay for the improvements upon land within the statute of frauds as a sale of an interest in land. (Lower v. Winters, 7 Cow., 263; Godeffrey v. Caldwell, 2 Calif., 489; 4 Kent, 450.)

And without an agreement by the appellant he would have been bound upon a refusal to complete the contract for the sale of the land, to have paid the purchaser for the improvements, if beneficial to him. In Lockwood v. Barnes, 3 Hill, 128, it is said, " One who refuses to complete an agreement which is void by the statute of frauds, after receiving a benefit from a part performance, must pay for what he has received." (See also Story's Equity, sec. 1237; Saunders v. Wilson, 19 Tex., 194; Id., 201; Patrick v. Roach, 21 Tex., 251.)

It does not appear from the agreement, if the contract between appellant and D. D. Lea was abandoned, that the former was entitled to offset the rent of the premises against the improvements for which he agreed to pay. Appellant cannot therefore complain that no rents were allowed him for the land during said Lea's lifetime. Nor would he, probably, aside from the contract, have been entitled to anything on this account. The premises were altogether unimproved when Lea went upon them, he raised but two crops upon the land, and the larger portion of it was not cleared until the second year. The rents, therefore, for it during that time could have been worth but little more than interest on the value of the improvements, and were probably considered by the parties when the contract was made as balancing each other. If any rents accrued previous to the sale of the land by appellant, while it was in appellee's possession, the jury were instructed to allow appellant for them. We cannot say that they failed to do so. The appellant did not show that he was entitled to the rent of the premises after he parted with the title for the land. That he was compelled to pay his vendor damages for the breach of his special covenant to put him in possession of it on a given day, by no means shows that he was entitled to claim from the occupants of the land damages for its detention after he had parted with his title to it. The other exceptions to the ruling of the court below, not having

been insisted on by counsel in their argument, may be regarded as abandoned, and need not therefore be adverted to by us. The judgment is affirmed.

Judgment affirmed.