Long Manufacturing Co. et al. v. Ed P. Gray

Delivered February 6, 1896.

1. **Juror—Disqualification—Formed Opinion.**
A juror who has formed an opinion from hearsay, but says he can try the cause impartially, and uninfluenced by his previously formed impressions, is competent; but where, from having heard the evidence in a former trial, he is unable to say positively that he could try the cause just as if he had never heard of it, he is incompetent.

2. **Trespass to Try Title—General Issue—Special Defenses.**
Where in trespass to try title the defendant, in addition to the general issue of not guilty, sets up special defenses, he is restricted in the introduction of evidence to such as tends to establish his special defenses.

3. **Limitation—Specific Performance of Contract for Sale of Land.**
In an action for specific performance of a contract for the sale of land, to be paid for by plaintiff, his cause of action does not arise until such payment is made, and limitation runs from that time, not from the date of the contract.

4. **Statute of Frauds—Agreement Performable Within One Year.**
Article 2543, section 5, Revised Statutes (1895), placing within the statute of frauds verbal agreements not to be performed within one year, does not apply to an agreement which may or may not be performed within that time.

5. **Same—Parol Contract for Sale of Land.**
Article 2543, section 4, Revised Statutes (1895), prohibiting suits based on parol contracts for the sale of land, does not apply to an action for the recovery of land purchased with borrowed money, the title to which is taken in trust in the name of the lender under an agreement that it shall be reconveyed to the plaintiff upon payment of the debt.

**6.  Evidence.**

It was properly submitted to the jury to determine what items were intended by the expressions "all indebtedness," and "my indebtedness," used in an instrument executed between the plaintiff and defendant.

**7.  Same—Statement of Accounts—Estoppel.**

Under allegations that plaintiff has never been able to obtain a full and correct statement of his account from defendant, though he had repeatedly requested and demanded it, plaintiff may make use of statements of the account between plaintiff and defendant to aid him in establishing his claim against defendant, and is not thereby estopped from attacking the accuracy of such statements.

**8.  Verdict for Damages—Several Defendants—Judgment Against One Only.**

In an action against a corporation and other defendants for the recovery of land and for damages, there was nothing in either the pleadings or evidence to warrant the jury in finding damages against any defendant other than the corporation. The jury rendered a verdict for damages, not stating against which defendant such damages were rendered. Held, that a judgment against the defendant company was authorized by the verdict.

**9.  Trespass to Try Title—Vindictive Damages—Allegations Sufficient.**

Allegations that defendant wrongfully and maliciously, with the purpose of injuring and oppressing plaintiff, forcibly entered on plaintiff's lands, and unlawfully excluded him therefrom and deprived him of the use and profits of the same, for the purpose of forcing him to submit to unlawful and oppressive demands, will authorize the recovery of vindictive damages.

**10.  Trespass by Mortgage Upon Mortgaged Land.**

One who, holding a deed absolute upon its face, but which is only a mortgage upon land, enters upon the land and takes timber therefrom, over the protest of the owner of the land, pending a suit for the land, is a trespasser.

APPEAL from Orange.    Tried below before Hon. STEPHEN P. WEST.

*Greer & Greer, Perryman, Gillaspie & Butlitt* and *W. H. Ford,* for appellants.—1.  "No action shall be brought in any of the courts of this State in any of the following cases, unless the promise or agreement upon which such action shall be brought, or some memorandum thereof, shall be in writing and signed by the party to be charged therewith, or by some person by him thereunto lawfully authorized: * * * §4.  Upon any contract for the sale of real estate, or the lease thereof, for a longer period than one year; or, 5, Upon an agreement which is not to be performed within the space of one year from the making thereof."    Rev. Stats., art. 2464, subdivs. 4 and 5; Garner v. Stublefield, 5 Texas, 552; Ward v. Stuart, 62 Texas, 333; Aiken v. Hale, 1 Posey Un. Cases, 321; Morris v. Gaines, 82 Texas, 255.

2.  To create a resulting trust in favor of plaintiff and take the case out of the Statute of Frauds just cited, it was necessary that the plaintiff's money was used and paid at the time of the purchase, and no subsequent payment is sufficient for that purpose, even under a parol promise to convey.    Parker v. Coop, 60 Texas, 118; Oury v. Saunders, 77 Texas, 278; Olcott v. Bynum, 17 Wall, 44; 1 Perry on Trusts, sec. 133; 2 Devlin on Deeds, secs. 1177, 1183, 1185; Pomeroy's Eq. Jur., sec. 1037; 4 Lawson's Rights Rem. and Prac., sec. 2009; Lear v. Chouteau, 23 Ill., 39.

3. The words "any contract for the sale of real estate," as used in the statute, include every agreement by which one promises to alienate an existing interest in land, and a contract to convey land in consideration of labor or services to be rendered, is within the statute.   Sprague v. Haines, 68 Texas, 215; Aiken v. Hale, 1 Posey Un. Cases, 318.

4. Where there are several defendants, if the cause of action against each is distinctive and individual, and the jury returns a general verdict against all, it is reversible error to refuse a new trial, in that such verdict shows on its face the jury did not consider the pleadings or evidence.   Akin v. Jefferson, 65 Texas, 137; Bledsoe v. Willis, 22 Texas, 650; May v. Taylor, 22 Texas, 349; Clairburne v. Turner, 18 Texas, 68; 3 Willson's C. C., sec. 186; 4 Willson's C. C., sec. 25.

5. Under a general denial the defendant may show a different contract than the one pleaded by plaintiff, and if there is any evidence tending to show a different contract than the one set up by plaintiff, it is the duty of the court to submit both contracts to the jury.   Smith v. Bank, 1 Texas Civ. App., 115; Wies Bros. v. Ditman, 4 Texas Civ. App., 35; Jacobs v. Crum, 62 Texas, 401.

6. Neither the pleadings or testimony authorized a recovery of vindictive, exemplary or punitive damages, and the court erred in submitting the same to the jury.

7. The verdict of the jury being a general finding against all the defendants, the court erred in entering judgment for damages against the defendant, Long Manufacturing Company, over defendants' objections, the court thereby assuming to pass on a question of fact that the jury did not find upon.

8. The petition shows on its face plaintiff's right of action accrued more than ten years prior to April 6, 1893, as to the U. M. Gilder tract, and the special exception should have been sustained.   Rev. Stats. art. 3209; Taylor v. Campbell, 59 Texas, 317.

9. The court erred in sustaining plaintiff's general demurrer to the defendants' special answer setting up statute of limitations of ten years as to the Gilder tract; and in sustaining plaintiff's general demurrer to the answer of defendants' pleading the statute of frauds in bar of plaintiff's right to recover, as well as their special plea of want of consideration in the original and subsequent contracts, and in striking out said special pleas, in that the same were available to the defendants as legal defenses to plaintiff's suit.   Robb v. Railway, 82 Texas, 392; Cross v. Everts, 28 Texas, 524; Taylor v. Campbell, 59 Texas, 317.

*O'Brien & O'Brien, Hart & Sholars* and *C. A. Teagle*, for appellee.
1. The compensatory and vindictive damages were alleged in plaintiff's petition, and proved, to the satisfaction of the jury, as against Long Manufacturing Co., only, the court's charge restricted the jury to findings of said damages as against said company only; and as the findings of the jury are responsive to those allegations, and the charge of the court thereupon, therefore, the evidence being sufficient to sup-

port the same, the judgment being rendered against the Long Manufacturing Co. only, defendants of the firm of Long & Co. are not injured and have no right to complain, there is no error, in this respect, and plaintiff is entitled to have said damages.   Kolb v. Bankhead, 18 Texas, 228; Weyer v. Wegner, 58 Texas, 539; Vincent v. Mayblum, 1 W. & W. Crim. Code, par. 763.

2.   There being no allegations made by plaintiff, or any proof of, damages against any defendants other than Long Manufacturing Co., and the defendants composing Long & Co., not having been made parties in the original petition, but Long Manufacturing Co., sole defendant, and the members and representatives of Long & Co. having been made parties defendant subsequently, and in the last petition only for the purpose of divesting them of any apparent title or incumbrance resting in said firm, of the Gilder, Thomas and Charlotte Carr tracts of land, therefore the finding of the jury, not against all the defendants generally, as stated by appellants, but for plaintiff generally, for damages, could have applied to no other defendant, under the pleadings, evidence, charge and verdict, than Long Manufacturing Co.; and a verdict in the light thereof, authorized the judgment against it, alone, for damages. Hamilton v. Rice, 15 Texas, 382; Hardy v. DeLeon, 5 Texas, 211; Wells v. Barnett, 7 Texas, 584; Smith v. Johnson, 8 Texas, 418; Traylor v. Townsend, 61 Texas, 144; Holden v. Meyer, 1 App. C. C., par. 832; Sayles' Rev. Civ. Stats., art. 1393, note 11; Martin-Brown Co. v. Perrill, 77 Texas, 199; Newcomb v. Walton, 41 Texas, 318; Patterson v. Allen, 50 Texas, 26; Darden v. Matthews, 22 Texas, 326; Stizle v. Evans, 74 Texas, 596.

PLEASANTS, ASSOCIATE JUSTICE.——This case in the volume of the record, in the preparation of the statement of facts, and in the manner in which their propositions of law and their supporting statements are presented by counsel in their briefs, is phenomenal, and is unprecedented in the annals of this court.   The rules of both the district court and of this court have been, in several particulars, set at naught, and we here give warning that in the future, whenever a case shall be presented as this has been, the submission will be set aside, and our decision deferred until the appeal is presented in accordance with the rules of practice prescribed for this court.

The appellee sued the appellants for the recovery of five tracts of land and for damages thereto, and also for damages, compensatory and vindictive, for alleged willful and malicious acts of defendant corporation, acting by and through its accredited officers and agents, to the great injury of plaintiff.   The petition averred that prior to August, 1882, defendants, W. A. Fletcher, Teresa S. Long and John W. Keith, now dead, and who was the husband of the defendant, Harriet V. Keith, were partners in the manufacture of cypress shingles and lumber, doing business under the name and style of Long Manufacturing Company, and that as such manufacturers, they required in the

pursuit of their business large supplies of cypress logs, and that in August, 1882, plaintiff entered into a parol contract with said company, whereby it was agreed that plaintiff would cut, prepare and deliver to said company at their mills cypress logs suitable for the manufacture of shingles and lumber; and that, if at any time in the prosecution of his business in cutting and delivering timber, he should find it necessary or profitable to him to purchase lands containing cypress timber, said company would lend to plaintiff such sums of money as might be needed to make such purchases, and that such company would also advance to plaintiff moneys, goods, and tools which he might require for the cutting, preparing and delivering of said logs to it, and for all said moneys so loaned and advanced to plaintiff, he was to pay interest thereon at the rate of ten per centum per annum, and for the better security of the payment of such moneys, said company should have a lien upon any and all tracts of land purchased by plaintiff; that under said contract, it was further agreed, that when plaintiff should make a purchase of land, he would cause the conveyance thereto to be made from the vendor to said company, and when plaintiff should deliver to said company a sufficient quantity of cypress timber to reimburse it for all moneys loaned and all advances made to plaintiff under said contract, for the payment of said land, and for defraying the expenses of cutting, preparing and delivering the timber therefrom, with the stipulated interest on same, the said company would convey the land without warranty of title thereto to plaintiff; that under said contract it was expressly agreed between the parties, that any land purchased was at the risk of plaintiff and that plaintiff was to be the purchaser and owner, not the company, of such land, and that the title should be taken in its name only for the purpose of giving it a lien upon the land to the extent of the moneys loaned, and the advances made to plaintiff; that plaintiff, under said contract, obligated himself to be diligent in cutting and delivering timber to defendant from the lands which he might purchase, and by the terms of said agreement, if plaintiff should, through negligence, fail to supply the defendant company with timber taken from such lands sufficient for the purpose of their business, defendant might go upon the lands and take the necessary timber therefrom, and, after charging plaintiff with the cost of so taking and transporting such timber to defendant company's mills, they should credit plaintiff with the market value thereof.

The petition further averred that on the 18th of January, 1886, the firm of Long & Company, by agreement between its members, was duly incorporated under the laws of Texas, under the corporate name of the Long Manufacturing Company, and that all the assets of the firm of Long & Company were assigned and conveyed by said Long & Company to said corporation, and that the said corporation assumed all the liabilities of said firm, and, with the consent of plaintiff, adopted and continued the contract with plaintiff, which was made as aforesaid in August, 1882, between plaintiff and the said firm of Long & Company, and which was still subsisting when said firm was incorporated; that plain-

tiff, under said contract, purchased various tracts of land containing cypress timber with money furnished him by said firm and said corporation, upon the terms and conditions of said contract, and that from said tracts plaintiff had cut and delivered to said firm large quantities of cypress timber in payment of the moneys loaned plaintiff to purchase said lands, and in payment of moneys and goods advanced plaintiff to enable him to cut and deliver said timber, and that several of said tracts of land had, in accordance with the said contract, been conveyed to plaintiff; but that to five of said tracts, which were particularly described in the petition, the plaintiff averred the defendant corporation refused to make title; that plaintiff had paid for all of said lands in accordance with said contract; that the market value of the cypress timber, at the times of the delivery thereof to defendant corporation and the said firm of Long & Company, greatly exceeds in amount all moneys loaned and advanced under said contract to plaintiff.

The petition averred further, that one of the tracts of land sued for, when purchased by plaintiff, was not, as stipulated in said contract, conveyed to defendant corporation, but, at the special instance and request of the said defendant, said land was conveyed to plaintiff and subsequently conveyed to defendant by plaintiff; that said conveyance, though absolute on its face, was intended and understood and agreed between plaintiff and said defendant to be only a mortgage to secure the purchase money furnished to plaintiff and other moneys advanced to him under the terms and conditions of their said contract; that said tract had been fully paid for by the delivery of cypress timber to defendant, as well as all moneys advanced by it to plaintiff for the purposes named in said contract, but defendant refuses to convey the said land to plaintiff. The petition also averred that, at the time of the purchase of each of said tracts, a special memorandum or contract was made by the parties to said original contract; and each of which was in corroboration of and subsidiary to the original contract; that said memoranda or special contracts were, as plaintiff believed and charged, reduced to writing, and, if so, said contracts were left with the said firm of Long & Company, or the defendant corporation for preservation; and, if upon inspection of said special contracts, there should be found a variance or conflict between any one of them and the original contract sued on, such variance or conflict is the result of mistake and should not be enforced to the injury of plaintiff.

Besides other averments than these recited, the petition charged defendant corporation with willful violation of its contract with plaintiff in several particulars, and on divers occasions to the injury of plaintiff, and with willful and malicious trespass upon plaintiff's land, and cutting and destroying timber thereon and removing timber therefrom and appriating same to said defendant's use, over the protest of plaintiff, and with making false measurements of the timber delivered by plaintiff under their contract, and in refusing to allow plaintiff the market value of said timber, which was promised him under said contract.

The petition charged also that plaintiff had never been able to obtain a full statement of the account between himself and the defendant corporation, although he had often requested and demanded such statement, and that by reason thereof, plaintiff has never been informed as to the true state of the account between himself and the said defendant; and the petition concluded with prayer that the defendant be made to make a full statement of accounts between itself and plaintiff, and between plaintiff and the firm of Long & Company, and with prayers for special and general relief, and for damages, both compensatory and vindictive, upon final trial of the cause.

Defendants answered by general and special demurrers, general denial, plea of not guilty, plea that contract sued on, being oral, was barred under the statute of frauds, plea of want of consideration, plea of breach of contract by plaintiff and estoppel on part of plaintiff, special pleas of limitation by defendants, Fletcher, Long and Keith, as to the W. M. Gilder tract of land, and plea by defendant corporation that the tract of one-third of the Nancy Davis league was bought by plaintiff in trust for said corporation, and disclaimer by all defendants as to the land described as the Charlotte Carr tract. Defendant also made application for a change of venue on ground of prejudice, which application was refused, and to which defendant duly excepted. The court sustained exceptions to defendant's pleas of limitation, of want of consideration, and also their plea of the statute of frauds, and the defendant's general demurrer and special exceptions from second to thirty-eighth, inclusive, were stricken out by the court. Upon trial of the cause, the jury returned a verdict for plaintiff for each tract of land sued for, and for $5840 compensatory damages, and for $1200 vindictive damages, and, upon which verdict, judgment was rendered against all the defendants for the lands, and against the defendant corporation for the damages assessed by the jury; and, the defendants' motion for new trial having been overruled, they appealed to this court.

We have been compelled to examine much of the very voluminous record in this case in order to reach a conclusion as to the disposition proper to be made of the appeal, and as our time will permit us to discuss but few of the numerous propositions submitted by appellants under their fifty-four assignments of error, we shall confine our remarks to the more prominent objections urged to the action of the court in the several particulars complained of, and to the verdict and judgment rendered for the appellee. We are of the opinion that the court was justified, under the statute now existing and at the time of trial, in refusing the appellants' application for a change of venue. Nor did the court err in sustaining the plaintiff's challenge for cause to the juror Brown, and in not sustaining the defendant's challenge to the juror Hill; the former had formed an opinion from the evidence given upon a former trial of the cause, and was unable to say positively that he could go into jury box and try the cause just as if he had never heard of it; while the

juror Hill had formed his opinion from hearsay, and could try the case impartially and uninfluenced by his previously formed impressions.

It is complained of the charge of the court that it instructed the jury that the defendants had not alleged in their pleadings that the plaintiff had authorized them to apply moneys due from defendants to plaintiff for timber sold them to the personal or family account due from plaintiff to defendants, and that the jury should therefore not consider the evidence offered by defendant on that point. We are not certain that this is a correct interpretation of the court's charge; but, if it be, we think such is the law. In suits of trespass to try title the plea of not guilty, without other plea, allows great latitude to the defendant in the introduction of evidence; and, in this case, it may be, had there been no other plea than that of not guilty, the evidence excluded by the charge would have been admissible; but when, in addition to that plea, the defendant, in an action of trespass, as defendants have done in this case, sets up special defenses, he is restricted in the introduction of evidence to such as tends to establish his special defenses; otherwise, the plea of not guilty might be used as a trap for the plaintiff and place him at great disadvantage. This, as we understand the law, has been the rule since the decision of Rivers v. Foote, reported in 11 Texas, 662.

For the same reason the court did not err in failing to instruct the jury upon the issue made by the evidence offered on part of the defendants to the effect that the contract between plaintiff and defendant required plaintiff to cut and deliver to defendant all cypress timber upon each tract of land purchased under the contract as a prerequisite to conveyance of the land by defendants to plaintiff. We have carefully considered the charge of the court and, while it may be subject to criticism in some respects, we find no reversible error in it; nor have we been able to discover that the court committed error in refusing to give instructions requested by the defendants. The jury were instructed that the plaintiff could not recover any of the land sued for, unless the contract sued on was made by defendant company, and unless the plaintiff had paid for the land in cypress timber in accordance with the terms of the contract.

It is not made to appear from the record that appellants were injured by the rulings of the court in sustaining exceptions to their pleas of limitation of ten years. The statute would not run against the plaintiff, if, as he contends, the lands were held in trust by appellants, until the trust was repudiated; on the other hand, if the suit, as insisted by appellants, is one for specific performance of contract for sale of land, plaintiff's cause of action could not arise until he had paid for the land, and it does not appear from the evidence—at least we have not discovered such to be the fact—that plaintiff completed payment for the Gilder tract more than ten years before the institution of the suit. We conclude, therefore, that if it was error to sustain exceptions to the plea, such error was harmless.

It is insisted that the plaintiff's cause of action, as stated in his peti-

tion, is within the fourth and fifth sections of article 2464 of the Revised Statutes, usually designated as the statute of frauds. The fifth section of that article applies to agreements not to be performed within a year from the making thereof. A contract which may or may not be performed within a year is not within the section of the article; and such, we take it, is the contract here sued on. Thomas v. Hammond, 47 Texas, 43; Thouvenin v. Lea, 26 Texas, 612. The fourth section of article 2464, prohibiting suits based upon parol contracts for the sale of land, has been frequently the subject of discussion by our Supreme Court, and it has been repeatedly declared by that court that the section was applicable to sales of land, and did not apply to or affect trusts in land. Mead v. Randolph, 8 Texas, 191; James v. Fulcrod, 5 Texas, 512;. Bailey v. Harris, 19 Texas, 108.

In the last case cited (Bailey v. Harris) A. contracted with B. for the purchase of a tract of land, and C. agreed, by parol, to lend to A. the money to pay for the land and to wait with him for payment of the loan for a given time; and, by agreement of all parties, the deed to the land was made by B. upon receipt of the purchase money by him, to C., instead of to A.; and it was held that, upon payment to C. by A. of the purchase money, the latter was entitled to recover the land; that B. was either trustee for A. or mortgagee. While the facts of that case are not identical with the facts of this; yet the cases are so analogous that we think they cannot be distinguished upon principle. In the case cited there was an agreement to purchase by A. before C. made the agreement for the loan of the purchase money; in this case the promise to lend plaintiff money was made before he had contracted for the purchase of the lands sued for. But this difference in the facts of the two cases is immaterial; the governing principle is the same in each; the money which paid for the land in each instance was not the money of the lender who took the conveyance in his name, but is was the money of the borrower, the man who made the purchase. We conclude, therefore, that the court properly sustained exceptions to defendant's plea of the statute of frauds. The plaintiff's case falls within neither the. fourth nor fifth section of that statute.

There was no rule of evidence violated by submitting to the jury the question whether or not the expressions, "all indebtedness," and "my indebtedness," used in the instrument executed between the plaintiff and the defendant corporation on the 18th of September, 1890, included the debts due from plaintiff for personal or family expenses, or whether, by those expressions, only the debts due by plaintiff for the lands sued· for, and for moneys advanced him to enable him to cut and deliver timber to defendant, were intended. Such an inquiry was proper, under the pleadings of plaintiff and the facts of the case, and the court did not err in submitting the issue to the jury.

The appellant's fiftieth assignment of error is in these words:

"The verdict of the jury is contrary to and not supported by the evidence in this: the evidence before the jury conclusively established

the fact that the plaintiff was indebted to defendant, Long Manufacturing Company, in the sum of over $6000, and that he was familiar therewith and knew that fact and had sought to borrow money to pay the same, and that said amount had never been paid to said defendants or reimbursed in cypress timber."

While we think there was ample evidence before them to have authorized the jury to find that plaintiff's indebtedness for money loaned him for making purchase of the lands sued for, and for moneys advanced him in his business, had not been fully discharged, yet we cannot say there is not evidence sufficient to sustain a finding on that issue for the plaintiff. We also find that the evidence is sufficient to prove that the alleged contract sued on was made, as averred by plaintiff, with the firm of Long & Co., and that the same contract was adopted and ratified by defendant corporation and continued by it with the plaintiff.

Upon the issue as to whether the one-third of the Nancy Davis league of land was purchased by the plaintiff for the defendant corporation, as averred by said defendant in his answer, or whether it was, as averred by plaintiff, purchased for himself under the contract sued on, while the evidence is to some extent conflicting, there was evidence on part of plaintiff amply sufficient to sustain a finding for him; and our further conclusion is that, while the evidence is conflicting on several of the issues of fact, we cannot say that the verdict is without sufficient evidence to support it.

The objection that the verdict for damages, not stating against which of the defendants the jury rendered damages, did not authorize a judgment for damages against the defendant company, is, we think, not tenable. There was nothing in either the pleadings or evidence to warrant the jury in finding damages against any defendant other than the defendant corporation. Nor do we assent to the appellant's contention that there is no averment in the petition which would authorize the recovery of vindictive damages. The petition charges in substance that the defendant company, "with wrongful and malicious intent to injure and oppress plaintiff because he had refused tamely to submit to the wrongful violation by said defendant of the contract between it and plaintiff, and because plaintiff refused to submit to the wrongful measurements of his timber by defendant, did before and after the institution of this suit wrongfully and maliciously, and with the purpose of injuring and oppressing plaintiff, forcibly enter upon plaintiff's lands, and unlawfully exclude plaintiff therefrom, and deprive him of the use and profits of the same, for the purpose of forcing plaintiff to submit to the unlawful and oppressive demands of defendant." The evidence, offered by plaintiff of notices given to defendant company not to enter upon the lands sued for, and the proposition submitted by plaintiff to defendant, pending the suit, to cut and deliver timber to defendant upon the conditions specified in the proposition, and the rejection thereof by defendant were, we think, circumstances proper for the consideration of the jury in determining whether the defendant was liable to plaintiff for

vindictive damages, and the court did not err in admitting the facts in evidence.

We do not think the plaintiff was estopped from reopening the settlements made by him with the defendant, in view of the averments that he had never been able to obtain a full and correct statement of his account from defendant, although he had repeatedly requested and demanded such statement, and that, by reason of this failure and refusal of defendant, he was not informed when the settlements were made of the true state of the account. There was in the petition also the averment that, under his contract with defendant, defendant promised and obligated itself to keep the account between it and plaintiff. We have carefully considered the case, and, as we have discovered no error which in our opinion would authorize a reversal of the judgment, it must be affirmed, and it is so ordered.

*Affirmed.*

### ON MOTION REQUESTING COURT TO FILE CONCLUSIONS OF FACT AND LAW.

1.  In response to requests made in the first paragraph of this motion, we find that the original contract between appellee and Long & Co. was that which is stated in the opinion of the court delivered upon the decision of this appeal; we do not find that this contract by any of its provisions required either the plaintiff or the defendants to keep an account of the quantity or the value of the timber delivered by plaintiff under the contract to the defendants. The other request under this paragraph we are unable to grant.

2.  In response to requests made under the second paragraph of motion, we find that there was a contract between the plaintiff and Long & Co. at the time of the purchase of the Gilder tract of land, and that that contract was the same as stated in our opinion, and that the same was oral, and not written; and we further find that the deed to this land, as well as the deed to each of the other tracts recovered by plaintiff, were, with exception hereafter mentioned, made by the vendors to either the firm of Long & Co. or Long Manufacturing Company, and not to the plaintiff, and we further find that several of the tracts recovered by plaintiff were not paid for when purchased, but were purchased in part or in whole upon credit, and that the purchase moneys due upon the lands were secured by the written obligations of either Long & Co. or the defendant Long Manufacturing Company with vendor's liens reserved upon the property. We find further, as in our opinion, that the plaintiff Gray was the purchaser of said lands, notwithstanding the fact that the deeds were made to Long & Co. and to Long Manufacturing Company. We decline to respond to the other requests made in this paragraph, as the law only requires our conclusions of fact to be stated, and not the facts or evidence upon which our conclusions are based.

3.  To the requests contained in the third paragraph, we find in relation to the purchase of the Thomas tract of 1100 acres of land that said

tract was purchased by plaintiff under the same oral contract under which the Gilder tract was purchased, and that the deed was made, not to Gray, but to Long & Co. or Long Manufacturing Company, and we decline to make the further findings requested in this paragraph.

4. The Cade tract we find was purchased under the same oral contract made between plaintiff and Long & Co. and afterwards adopted by the defendant Long Manufacturing Company and the conveyance was made, not to the purchaser who was the plaintiff, Ed. P. Gray, but to Long Manufacturing Company. As to what were the terms of the sale, whether part cash and part on a credit, or entirely on credit, we cannot accurately state without an examination of the stenographer's report of the evidence, which the pressure upon our time will not permit. As to whether defendant has paid for the land, or whether the lien retained by the vendor has been released, and to whom, are questions not involved in this suit, and we therefore have no conclusions of fact touching such questions. There is no evidence in the record to warrant the conclusion that the purchase of the Cade tract of land was in contemplation of the parties at the time of the original contract made between them, in August, 1882. For the reason already given, we decline to give any further conclusions of fact in response to requests under this paragraph of the motion.

5. In response to requests made in fifth paragraph of appellant's motion we find that the one-third of the Nancy Davis league of land was purchased from the heirs of Matilda Ruyle, under the parol contract of 1882, with this modification of that contract: the deed was executed to the plaintiff and not to defendant corporation, and this was done at the special request of the defendant. We further find that at the time of the execution of the plaintiff's obligation to defendant corporation, September 18, 1890, and at the dates of the two deeds for this land by plaintiff to defendant, dated respectively January 17, 1891, and December 21, 1892, there is ample evidence to have authorized the jury to find that plaintiff was indebted to defendant in the sum of several thousand dollars for moneys advanced to him under the contract of August, 1882, as well as for goods and merchandise sold to plaintiff for himself and family by defendant, but we further find that the evidence is conflicting on this issue, and that if the jury gave credit to the evidence on part of the plaintiff tending to show that he had not received proper credits on his account by reason of the acts of defendant in incorrectly measuring the timber delivered to it by plaintiff, and its refusal to allow him the market value of the same, then the verdict is not without sufficient evidence to sustain it. We further find that after the execution of the deed of December 21, 1892, there was no offer by plaintiff to deliver timber to defendant, except that made after the institution of the suit. We find also that the defendant advanced to plaintiff the sum paid by him to the heirs of Matilda Ruyle for their interest in the Nancy Davis league of land, and we further find that after the execution by plaintiff to defendant of the deed for this land on January 17, 1891, a contro-

versy arose between Joseph Bunn and plaintiff as to the boundaries of this land; and the controversy was settled by each executing to the other a deed of conveyance, and Bunn paying plaintiff $1500 in cash, which money was used by plaintiff as his own, and was recognized by defendant as his; and, on the 22nd day of December, 1892, three days after the compromise between him and Bunn, plaintiff executed a conveyance with general warranty of this land to defendant, the deed reciting a consideration of $5000. For reasons already given we decline to file further conclusions under this paragraph.

6.   We respectfully decline to state the evidence upon which our conclusions of fact are based. Our duties are sufficiently onerous to excuse us for declining to assume duties not imposed by law, and we refer counsel to our opinion for our conclusion upon the issue referred to in this paragraph of this motion.

*Conclusions of Law.*—1.   In respect to the questions submitted in paragraph one of appellants' motion, our conclusions are, that the contract of 1882 was not invalid for want of consideration, nor was it invalid as in contravention of the fourth subdivision of article 2464 of the Revised Statutes; and further, that said contract, so long as it continued to subsist, would embrace all lands containing cypress timber purchased by Gray with the purpose of supplying defendant with timber with which to operate its mills, and the purchase money for which was advanced, or secured, by defendants. We do not conclude that, as a matter of law, plaintiff under the contract could require defendant to keep an account of the timber delivered by him to them. We conclude that plaintiff might make use of statements of the account between him and the defendant to aid him in establishing his claim against defendant, and would not, by reason of such use, be precluded from attacking the accuracy of such statements.

2.   The questions propounded in the second, third and fourth paragraphs of the motion we decline to answer, because we are unable to discover that our answers would subserve any practicable purpose, and further because we are not inclined to enter into a discussion of the merits of plaintiff's suit, having decided that the contract sued on was valid, and one which might be enforced in a court of equity.

3.   In reference to questions propounded in the fifth paragraph of the appellants' motion, we conclude, as a matter of law, the meaning of the words "all indebtedness" and "my indebtedness," as they are used in the contract of September 11, 1890, are susceptible of explanation by parol evidence, so as to include only all plaintiff's indebtedness which had accrued on account of the purchase money for the land and the advances for getting out the timber; and also that the two deeds subsequently executed by plaintiff in connection with the fact that no more timber was delivered by him after the execution of the second deed on December 21, 1892, did not become an executed contract, and pass the title irrevocably into the defendant, Long Manufacturing Company, but

that under the evidence developed upon the trial, it was competent for plaintiff to show by parol that each of said deeds was but a mortgage to secure any indebtedness that might be due defendant for advances made by it under the contract sued on.   The last question propounded in this paragraph is unintelligible to us, and we are unable to answer same.

4.   In reply to questions in the sixth paragraph of the motion, our conclusion is that one who, holding a deed absolute upon its face, but which is only a mortgage upon land, enters upon the land and takes timber therefrom over the protest of the real owner of the land, pending a suit for the land, would be a trespasser.

5.   To the questions contained in the seventh paragraph of the motion our conclusion is, that the suit is to try title to the lands to which defendants had deeds absolute on their face, and which plaintiff avers are but mortgages which have been satisfied in full, and for an accounting between plaintiff and defendants, and for damages vindictive and compensatory resulting to plaintiff, as alleged by him, from the wrongful and malicious acts of defendant, Long Manufacturing Company.

6.   In response to requests in paragraphs eight and nine, we have only to say, (1) that the defendants had several special pleas which were not stricken out by the court upon exceptions of plaintiff; and (2), that we think it unnecessary to respond to the two last questions propounded to us.

Delivered February 21, 1896.                                   *Affirmed.*

Writ of error refused by Supreme Court.