MATTHEWS v. DEASON et al. (No. 7870.)

(Court of Civil Appeals of Texas. Dallas. Jan. 19, 1918.)

1. CONTRACTS ☞337 (2)—GENERAL DEMURRER —SUFFICIENCY OF PETITION—"FORECLOSE"— "DISPOSSESS."

Petition, alleging that in a prior action defendants sued plaintiff to "foreclose" on certain promissory notes and to "dispossess" plaintiff of a lot of land of which he was the owner in possession, and that pending suit upon representation of defendants that a cloud on title to the land could be removed by so doing plaintiff agreed to entry of judgment on condition that defendant would reconvey to him on certain payments and assumption of the indebtedness, and that plaintiff made the payments and tendered performance, sufficiently alleged a breach of contract, since the word "foreclose" means to shut out, to bar, and is used of the process of destroying an equity of redemption and "dis-

possess" meant to oust from the land by legal process.

[Ed. Note.—For other definitions, see Words and Phrases, First and · Second Series, Foreclose; Dispossess.]

2. CONTRACTS ⬤⟿337(2)—DAMAGES—BREACH—PLEADING—SUFFICIENCY.

Where plaintiff alleged a contract by which he permitted judgment to be entered in ·a foreclosure suit against him, on condition that defendants would reconvey, and that they refused to reconvey and dispossessed him, it was unnecessary to allege that by the judgment they acquired title to the land.

3. CONTRACTS ⬤⟿333(1)—DAMAGES—BREACH—PLEADING—SUFFICIENCY.

Complaint, alleging breach of agreement as to conditions of entry of judgment in "suit No. 18163a in Fourteenth district court of Dallas county" for the purpose of foreclosing plaintiff's right of redemption, sufficiently identified the action in which the agreed judgment was entered.

4. TRUSTS ⬤⟿17, 18(5) — ORAL AGREEMENT — STATUTE OF FRAUDS.

An oral agreement by which plaintiff suffered judgment in foreclosure suit to be entered against him when defendants agreed to reconvey the land to him, if entered into, was not void under the statute of frauds because it created a trust.

Error from District Court, Dallas County; W. F. Whitehurst, Judge.

Suit by S. Y. Matthews against J. T. Deason and others. From an order sustaining general demurrer and special exceptions to the amended petition, plaintiff brings error. Reversed and remanded.

M. M. Parks, of Dallas, for plaintiff in error. Burgess, Burgess, Chrestman & Brundidge, of Dallas, for defendants in error.

RASBURY, J. Originally, as appears from the record, plaintiff in error sued defendants in error to compel specific performance of an alleged contract to convey a lot of land in the city of Dallas and to enjoin pendente lite the threatened sale thereof by the sheriff of Dallas county. Interlocutory writ of injunction was issued upon fiat of the trial judge returnable to the succeeding term of court. Motion to dissolve the writ was filed, but not acted upon, and, so far as the record discloses, the interlocutory writ is yet in force. However, at a subsequent term of court plaintiff in error amended his petition, and in lieu of the suit for specific performance of contract sought recovery of damages for the breach thereof and an unlawful eviction from the premises agreed to be conveyed. We therefore treat the original suit as abandoned and the interlocutory writ as result thereof dissolved. The general demurrer and certain special exceptions leveled against the amended petition were sustained. Plaintiff in error declined to amend, and the cause is here upon assignments challenging the action of the court in the respect stated.

Omitting formalities, the petition alleges, in substance, that theretofore, in suit No. 18163a in the Fourteenth district court of Dallas county, defendants in error sued plaintiff in error to "foreclose" on certain promissory notes, and to "dispossess" the latter of a lot of land in Dallas county, of which plaintiff in error was owner and in possession of at the time. Pending suit and upon the representation of defendants in error that a "cloud," etc., upon the title to said land could be removed by so doing, plaintiff in error agreed to the entry of judgment in said cause on condition that defendants in error would reconvey said land to him, upon the payment of $800 in cash, the assumption of an existing debt of $4,000 against said lot, and the securing of an extension in its time of payment, the execution of plaintiff in error's note for $2,000, payable in monthly installments of $65 after date; also the execution of his note for $350 due in six months, payable one-half in cash and one-half in merchandise. Thereafter, in compliance with the agreement, plaintiff in error, by paying the First State Bank of Dallas $100, secured an extension of three years upon said $4,000 note, tendered defendants in error $800 cash, and offered and was willing to execute the other notes, and requested defendants in error to convey him said lot of land, which they refused to do. Further, that defendants in error, in order to defraud plaintiff in error, did, under authority of said judgment, sue out a writ of possession and by authority thereof remove plaintiff in error therefrom, to his damage, etc.

[1] Do the facts related, if true, disclose a legal right in plaintiff in error susceptible of enforcement? If they do, the petition is sufficient against the general demurrer, since "if, upon a fair and reasonable construction, giving to all ambiguities the reasonable interpretation most favorable to the pleading, there appear in it sufficient facts to show a legal right in the pleader, the general demurrer should be overruled." Towne's Texas Pleading, 530, 380. In other words, "if sufficient facts be stated to enable the court to see that a good cause of action or ground for defense exists, however defectively stated, the insufficiency or defectiveness of the averments cannot be taken advantage of on general demurrer." Williams v. Warnell, 28 Tex. 610.

It will not be denied, upon analysis, that the petition sufficiently states that a suit by defendants in error against plaintiff in error was pending, and that the latter agreed that judgment might be and was entered therein on condition that the land described would be reconveyed to plaintiff in error whenever he paid an amount of cash, etc., to defendants in error, and that he did, after judgment, in all respects comply with such conditions subsequent, and that defendants. in error refused to convey the land. The insufficiency of the pleading lies, if at all, in the generality of the allegations of the peti-

⬤⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

tion concerning the character and purpose of the pending suit. Even in that respect, we conclude, in the light of the rule stated, the insufficiency is in the manner and form of stating the facts, rather than in the substance of what is actually conveyed by the language used. The allegation is that defendants in error had sued Matthews in case No. 18163a in the Fourteenth district court of Dallas county to "foreclose" on certain notes and to "dispossess" him of a lot of land in the city of Dallas, and that he had agreed to judgment in that suit on the conditions enumerated. To foreclose is "to shut out; to bar. Used of the process of destroying an equity of redemption." · Bouvier. The force and pertinency of that allegation was to say that the suit was to destroy plaintiff in error's right of redemption in the land described. Dispossession, as used in the petition, meant of course the ouster of plaintiff in error from the land by legal process after foreclosure. Thus we have, in substance, attaching to the terms used their ordinary meaning, the averment that the suit was to foreclose plaintiff in error's equity of redemption in the land and to oust him of possession of the same. To that character of judgment it is clear from the other allegations plaintiff in error agreed on condition that the land would be reconveyed on certain conditions, with which he complied, but which defendants in error repudiated. Accepting as true the allegations detailed, they show a breach of the contract to reconvey the land and for which a cause of action exists for any legal damages which may be shown; and consequently the general demurrer was erroneously sustained.

[2] In support of the contention that the petition is insufficient against the general demurrer, it is pointed out by counsel that the petition asserts that plaintiff in error was the owner and in possession of the land when the suit was filed, but fails to allege that by their suit defendants in error acquired title, which it is argued would be necessary in order to maintain the present suit. We believe not. While the petition does not allege that defendants in error acquired the title to the land, it does allege that plaintiff in error was dispossessed thereof by process issued upon the judgment, to which he consented. Such being the case, we believe it will and must be conceded that it is immaterial whether defendants in error acquired title to the land by the foreclosure proceedings, but that it is sufficient in this proceeding that through the agency of the judgment to which Matthews consented he was ousted from possession of the land.

It appears from the judgment that every special exception contained in defendants in error's original and supplemental answer was sustained. An examination of these special exceptions fails to disclose that any one of them raised any issue not raised by the general demurrer, save two.

[3] By one of the special exceptions it is, in substance, urged that the petition does not furnish sufficient information concerning the suit in which the agreed judgment was entered in order to enable the court to determine whether plaintiff in error was entitled to the relief sought. This special exception might well be held a general demurrer, since the function of the special exception is to point out the specific facts necessary to be alleged, or which have been omitted, as distinguished from the function of the general demurrer, which declares that the facts actually alleged fail to show a legal right. But even though it should be · regarded as sufficient as a special exception the petition, in our opinion, sufficiently alleges the character or purpose of said suit, · since it declares it was suit No. 18163a in Fourteenth district court of Dallas county, and was for the purpose of foreclosing plaintiff in error's right of redemption in certain lands and to dispossess him thereof.

[4] The other special exception raises the issue that the contract alleged by plaintiff in error is within that provision of the statute of frauds that declares that no action upon any contract for the sale of real estate shall be brought in any court, unless the promise or agreement upon which such action shall be brought or some memorandum thereof shall be in writing and signed by the party to be charged therewith or some person by him thereunto lawfully authorized. While the petition does not, in express terms, allege that the agreement was in writing or that it was oral, that point is immaterial in this case, for the reason that we conclude that the alleged agreement, if true, created a trust or confidence in lands, capable of enforcement whether in parol or in writing. All parol contracts concerning lands are not void. Only those which contemplate the sale of lands or the leasing thereof for a longer term than one year are void. The provision has been, and should be, liberally construed, and all agreements, within its scope and spirit, brought under its operation in order to suppress the mischief it was designed to prevent. Our courts, however, in · construing the statute, hold there is a difference between contracts for the sale or lease of lands and those having reference to other interest in lands, one of which is an agreement which creates trusts or confidences in lands. Such agreements when established may be the basis of appropriate relief whether in writing or in parol. James v. Fulcrod, 5 Tex. 512, 55 Am. Dec. 743; Mead v. Randolph, 8 Tex. 191; Bailey v. Harris, 19 Tex. 109; Long Mfg. Co. v. Gray, 13 Tex. Civ. App. 172, 35 S. W. 35; Brown v. Jackson, 40 S. W. 162; Anderson v. Powers, 59 Tex. 213; Brotherton v. Weathersby, 73 Tex. 471, 11 S. W. 505; Warner v. Railway Co., 164 U. S. 435,

17 Sup. Ct. 154, 41 L. Ed. 504. The language we have used in stating the rule is, in substance, that employed in James' v. Fulcrod, supra, and is the rule, since followed by an unbroken line of cases. The cases cited, and many that have not been cited, present a variety of facts held to create a trust or confidence as distinguished from a sale, a number being cases where the absolute title was passed as security for debt with parol agreement to reconvey upon satisfaction of the debt. Brown v. Jackson is much in point here, since it was there held that an agreement, on purchase of land under execution, that the purchaser would reconvey the land to the execution debtor on payment of the balance of the judgment is not void because resting in parol.

For the reasons stated upon both issues discussed, the judgment is reversed, and cause remanded for another trial consistent with the views herein expressed.

Reversed and remanded.

---

⬤⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes