### MATTHEWS v. DEASON et al. (No. 8573.)

(Court of Civil Appeals of Texas. Dallas. June 25, 1921.)

1. Vendor and purchaser &approxeq;344—Party suing for breach must prove contract and tender of performance.

One suing for damages for breach of a contract to convey land must prove the contract alleged and a tender of full performance on his part.

2. Vendor and purchaser &approxeq;344—Purchaser held not to have shown ability to perform agreement as to negotiating sale of second mortgage note.

Where it was part of a contract for the sale of land that the purchaser should negotiate a sale of a second mortgage note at a specified discount, evidence that a third person agreed to take the note at such discount, provided a guaranteed title to the property was furnished and tax receipts produced, did not show that the purchaser was prepared to carry out the agreement, where it was not shown that such guaranteed title or tax receipts were furnished, or that the third person was willing to buy the note without such guaranty or the production of such receipts.

3. Vendor and purchaser &approxeq;350—Evidence held not to show purchaser could have made specified cash payment.

Where it was a condition of a contract for the sale of land that $800 should be paid in cash, evidence that, when the purchaser told the vendor he was ready to carry out his part of the agreement, he had a check in his pocket, did not show that he could have performed the contract where the amount of the check or who drew it, or that the money could have been obtained on it did not appear.

---

&approxeq;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**4. Vendor and purchaser ⬅➡344 — Purchaser suing for breach must show tender, and not mere statement of readiness to carry out contract.**

One suing for breach by a vendor of a contract to convey land was bound to show a tender on his part, and it was not sufficient to show that he informed defendant he was ready to carry out his part of the agreement.

**5. Vendor and purchaser ⬅➡349—In purchaser's action for breach, allegations and testimony held not to correspond.**

Where plaintiffs, suing for defendant's breach of a contract to convey land, alleged that as part of the contract he was to execute a second mortgage note for $2,000 bearing interest at the rate of 8 per cent., and providing for attorney's fees, and payable in equal monthly installments, while the testimony showed that the agreement was that plaintiff was to negotiate a sale of the second mortgage note for $1,600, and pay that amount to defendant in full settlement of the note, the allegations and the testimony did not correspond.

Appeal from District Court, Dallas County; W. F. Whitehurst, Judge.

Action by S. Y. Matthews against J. T. Deason and others. From a judgment for defendants, plaintiff appeals. Affirmed.

M. M. Parks, of Dallas, for appellant.

Burgess, Burgess, Chrestman & Brundidge, of Dallas, for appellees.

TALBOT, J. This is the second appeal in this case. 200 S. W. 855. The appellant sued originally to compel specific performance of an alleged contract to convey a. lot of land in the city of Dallas and to enjoin the threatened sale thereof by the sheriff of said county. On the former appeal the case was reversed and remanded for a new trial. By a second amended petition filed January 2, 1920, the appellant abandoned his suit for specific performance and now seeks simply to recover damages for alleged breach of contract to convey real property. He alleges in substance that in October, 1914, appellees sued him upon a note for about $2,200, besides interest and attorney's fees, given by him in part payment for certain real property situated in Dallas, Tex., and secured by a second lien upon said property; that a note for $4,000, secured by a first lien on the same property was recognized in that suit; that appellees sought to foreclose their second lien and have the property sold in payment of the judgment rendered thereon; that he consented to judgment being rendered against him in appellees' favor, for amount sued for, with foreclosure of lien and sale of the property, upon condition that after appellees bought the property in at sale under the judgment they would reconvey the property to him, the terms not then being agreed upon; that afterwards the terms were agreed upon in substance; that appellant would secure an extension of the $4,000 first lien note, for a period of three years, and appellant would execute to appellees a note for $2,000, secured by a second lien on the property, said note bearing interest from its date at the rate of 8 per cent. per annum, and providing for 10 per cent. attorney's fees, to be dated May 6, 1915, and payable in equal monthly payments of $65 each month, beginning June 1, 1915, and one on the 6th day of each month thereafter until said note was paid, principal and interest, and that appellant would execute another note in favor of appellees in the sum of $350, secured by lien upon said property, and due in six months from the 6th day of May, 1915, to be paid one-half in merchandise, and the further payment by appellant to appellees of the sum of $800 in cash, upon the performance of which obligations on the part of appellant he alleges appellees agreed to reconvey said property to him. He further alleges that he tendered performance on his part by tendering appellees one note for $2,000, another for $350, and $800 in cash, having partly performed the contract by paying $100 as consideration for the extension of said $4,000 note, which was extended by the holder thereof, but that appellees refused to reconvey said property to him, to his damage in the sum of $4,000, with legal interest thereon from April 10, 1915. He alleges in paragraph 7 of his petition that he was to pay a total of $7,250 to redeem the property, and lays his damages at $4,750, and also claims further damages by reason of loss of rent of the property at $65 per month, totaling $2,500. On June 2, 1920, the case was tried, and at the conclusion of the evidence the court peremptorily instructed the jury to return a verdict for the appellees. The appellant presented a motion for a new trial, which was overruled, and he appealed.

The single assignment of error complains of the action of the court in directing the jury to return a verdict in favor of the appellees, and the proposition asserted is:

"There was evidence to support the plaintiff's case of such probative force as to leave room for ordinary minds to differ as to the conclusion to be drawn from it, the evidence making on the whole a prima facie case entitling appellant to recover if the jury found the evidence preponderated in favor of appellant, and the court was unauthorized, under this state of the evidence, to take the case from the jury by peremptorily instructing a verdict for appellees."

If the evidence is of the character asserted in the proposition of the appellant, it would be our duty to reverse the case, but, after a careful reading of the evidence, we are constrained to disagree with the appellant in his interpretation of it.

[1] It devolved upon the appellant to prove

the contract alleged and a tender of full performance on his part of its terms. This, we think, he failed to do. He testified that there was a second mortgage lien of $2,000 upon the property which he had to handle; that he was to pay Deason $2,400; that he was to pay him $800 cash, and get the second mortgage of $2,000 cashed at $1,600, which made $2,400, and that in addition thereto he was to give Deason his note for $350, $175 of which Deason was to take out in trade, he being a merchant, and the other $175 he was to pay in 20 days; that there was a first lien note of $4,000 on the property, the payment of which he assumed; and that he was to get that note and lien extended for three years. He further said that his agreement with the appellees was that, when he got the note and lien for $4,000 extended, paid the $800 in cash, and got the $2,000 note negotiated, and executed the $350, they were to deed back to him the lot and premises. Touching the tender or offer to perform his part of the contract, the appellant said:

"I went to Mr. Deason's office and told him I was ready to carry out my agreement, offering to make the $350 note and get the $2,000 note negotiated and to pay the $800 in cash. I had the $800 right then with me, and the notes were to be drawn."

[2] But he fails to prove that he had or was prepared to raise and pay according to the agreement the $1,600 on the $2,000 note. He shows that at his instance R. H. Burt obtained a written agreement from R. H. Clem, which was introduced in evidence, to take the $2,000 note at a discount of 20 per cent., provided a guaranteed title to the property upon which the lien existed for the payment of said note was furnished by the Stewart Title Guaranty Company, and provided tax receipts showing payment of taxes were produced without cost to him. But there is a total absence of testimony tending to show that such "guaranteed title" or the tax receipts were so furnished to Clem or that he was willing to buy the $2,000 note or advance thereon $1,600 without such guaranty of title and the tax receipts showing payment of taxes. While appellant testified that he could have gotten the $1,600 from some one else, it is undisputed that he relied upon Clem to furnish the same, and that he never made any effort to comply with the conditions imposed by Clem as a prerequisite to his carrying out the agreement to take the note for $1,600.

[3] In addition to failing to show that he ever had the $1,600, or that he had made any definite arrangement to get it, he failed to show that he at any time had the $800 in cash, which he was to furnish himself. He said he did not have the $800 in cash, which he was to furnish, in his pocket when he called on Deason and said he was ready to carry out his arrangement, but that he had a check in his pocket. The amount of this check or who drew it, or that the money could have been obtained on it, does not appear. Nor does it appear that the appellant had executed and actually tendered the note of $350 covered by the alleged agreement to reconvey.

[4] There is nothing in the record to indicate that, had the appellant made a sufficient tender in law to perform his part of the contract, a compliance therewith on the part of the appellees would have been refused, and it was essential to appellant's recovery in this case that such tender on his part be shown. It was not sufficient for his recovery that he simply show, as was in effect done, that he informed the appellees that he was ready to carry out his part of the agreement.

[5] But, apart from the foregoing, the testimony offered in support of the appellant's right to recover did not correspond, at least in part, with the alleged contract to reconvey. As hereinbefore shown, the appellant alleged that, in addition to the other things he was to do in order to obtain a reconveyance of the land in question, he obligated himself to execute his certain promissory note in the principal sum of $2,000, payable to the appellees herein, bearing interest from its date at the rate of 8 per cent. per annum, and providing for 10 per cent. additional as attorney's fees, to be payable in equal installments of $65 each month, the first being payable on the 1st day of June, 1915, and said note to be and constitute a second lien upon said land. The testimony to establish this part of the alleged agreement was to the effect that there was a second mortgage lien (referring to the $2,000 note he was to execute) which he was to execute, negotiate, and get cashed at $1,600, and pay the appellees the said $1,600 in full settlement of the $2,000 note, which, aside from the interest provided for in the note, would be $400 less than appellees were to receive, under the contract alleged, in consideration of the reconveyance, considering the note collectable for its full amount, which, in view of the security for its payment, was contemplated and fully expected.

We conclude the trial court correctly held that the evidence was insufficient to authorize a recovery by the appellant, and the judgment will be affirmed.

Affirmed.