[No. 4,337.]

## MARY MEAGHER v. WM. H. THOMPSON.

49  189
98  469

SALE OF SEPARATE PROPERTY OF WIFE.—Under the Statute of 1862 concerning the separate property of the wife, the assent of the husband is required, not only to the sale by the wife of her separate property, but also to her conveyance of the same, and that assent must be expressed by his signature to the conveyance, made by himself, and he cannot, by a letter of attorney, delegate to another the power to subscribe his name to such conveyance.

SIGNING A CONVEYANCE.—When there are two grantors, and one of them acts as the attorney in fact of the other, he must subscribe his name twice, once as attorney in fact for the other, and once for himself. One signature and a second seal is not equal to a second subscription.

APPEAL from the District Court, Nineteenth Judicial District, City and County of San Francisco.

The demanded premises were on Shotwell Street, near Twentieth, fronting thirty feet on Shotwell. John Center owned the lot, and, on the 18th of January, 1864, conveyed it to James Meagher, the husband of the plaintiff, and, on the 2d day of September, 1869, the husband, in consideration of love and affection, conveyed it to his wife. On the 4th day of November, 1869, the husband, who was in San Diego, gave the power of attorney to his wife, and she, on the 26th day of July, 1871, conveyed it to the defendant. The deed expressed a consideration of $2,250. The defendant recovered judgment and the plaintiff appealed.

The other facts are stated in the opinion.

*J. M. Seawell*, for the Appellant.

It has been repeatedly held by this Court that the husband, in joining in a deed of his wife's separate property, does not occupy the position of a grantor, for the property is not his to convey. (*Dentzel* v. *Waldie*, 30 Cal. 149; *Dorr* v. *Gould & Curry S. M. Co.*, 31 Cal. 655.)

The same authorities hold that the only purpose of the law in requiring the husband to join in a deed of his wife's property, is to protect her against strangers.

This purpose of the law would be defeated if the deed in question is upheld. It is, in effect, to say that the hus-

band may waive the protection which the law requires him to afford his wife; and that while the statute declares that the wife cannot make a deed without his joining in it, yet the husband may authorize his wife to make a deed without his joining therein. But the duty imposed by law upon the husband, requires the exercise of judgment and discretion, and cannot be delegated to another. (*Sanders* v. *Webber*, 39 Cal. 287.)

*M. G. Cobb*, for the Respondent.

By the Court, McKINSTRY, J.:

Complaint in ejectment in the ordinary form. Answer denying title in the plaintiff and admitting the defendant's possession.

The premises in controversy being the separate property of the plaintiff, her husband, James Meagher, executed his power of attorney, which purported to constitute the plaintiff his attorney with power to grant, bargain and sell, convey or mortgage the same "for such sums or price and upon such terms as she shall see fit to make," and to execute and acknowledge sufficient conveyance, etc. It is claimed by defendant that the plaintiff, in her own and her husband's name (as attorney-in-fact of the latter), executed, acknowledged and delivered—for a valuable consideration —to the defendant a deed of conveyance of the premises.

The statute in force at the time of these transactions read: "The husband shall have the management and control of the separate property of the wife during the continuance of the marriage; but no alienation, sale or conveyance of the real property of the wife, or any part thereof, or any right, title or interest therein, and no contract or power of attorney shall be valid for any purpose, unless the same be made by an instrument in writing, executed by the husband and wife, and acknowledged by her, as provided in the acts concerning conveyances, in case of the conveyance of her separate real estate." (Statutes 1862, p. 518.)

Were the matter *res integra*, we should, perhaps, give more weight to the able and ingenious argument of counsel

for respondent; but we deem the construction of this statute settled by authority. In *Ingoldsby* v. *Juan* (12 Cal. 576), the Court said: "It will be observed that the estate is confessedly in the wife; her title it is that is to pass; the joining of the husband is not for the purpose of passing the title. It is only as a precaution against imposition, or to afford her his protection, or similar reasons of policy, or to evidence his renunciation of the right to manage and control it."

Assuming that the purpose of the statute was the protection of the wife, this protection can be made effectual only by requiring the husband to exercise his judgment in respect to each transaction of the wife with respect to her real estate. No sale shall be valid unless assented to by the husband. The signing of the instrument in writing by the husband is made evidence of his assent to the sale as well as to the conveyance, but the power of attorney which purports to authorize the wife, in advance, to make any sale " for such sum or price, and on such terms " as she might deem proper, cannot be made to operate as an abdication by the husband of that discretion, which he was bound to exercise. The duty imposed by law on the husband required the employment of a discretion which he could not delegate; which he was compelled to exercise himself, and in a particular manner—the mode entering into and forming part of his obligation. "He must not only assent in fact, but he must manifest his assent by his signature to the instrument in writing. The statute has in effect prescribed that the only evidence competent to prove his assent is his signature, which must appear on the face of the instrument." (*Dow* v. *G. & C. M. Co.* 31 Cal. 655.)

It is said that by the statute of April 13, 1863 ("An Act to authorize married women to execute powers of attorney"), the Legislature authorized the husband, in conjunction with the wife, to delegate to a third person entire power as to the terms of sale of the wife's separate real property; and it is urged by respondents' counsel that there is no reason why the husband should not transfer his ·discretion to the wife. It may be remarked, in passing, that the statute last

referred to—which gave no power to the wife not already conferred by the law respecting husband and wife—afforded the married woman a protection against imposition to the extent that the husband was required to employ a discretion with regard to the selection of an agent for the wife. But the present action does not turn on the power of the Legislature to require or authorize an assent in any form on the part of the husband to any act of the wife. As the law now stands, she may convey her separate property without such assent. (Civil Code, 162.) The sole question is: " What does the statute, which was in operation at the time of the transaction, involved in this action, mean?" This statute was construed in former cases, and we see no reason to change the views expressed by this Court in deciding those cases,

To the foregoing it may be added that the deed alleged by counsel to have been executed by the plaintiff, on her own behalf, and as attorney-in-fact of her husband, does not purport to have been executed by her on her own behalf. It is signed thus:

[Seal.]                            "JAMES MEAGHER,
                                   By his attorney-in-fact,
[Seal.]                            MARY MEAGHER."

The second seal is not equal to a second subscription of her name by Mary. And if all of this subscription, except her name, shall be rejected, then there is certainly no evidence of her husband's assent to the conveyance.

Judgment reversed, and cause remanded for a new trial.


WALLACE, C. J., concurring specially: I concur in the judgment and in the last point discussed in the opinion of Mr. Justice MCKINSTRY.

Mr. Justice NILES did not express an opinion.