## JOSEPH H. ROGERS V. MARTHA E. ROBERTS ET AL.

### Delivered March 5, 1896.

**Conveyance of Wife's Separate Estate—Power of Attorney From Husband to Wife.**

A conveyance of the separate real estate of the wife executed by her in her own right and as agent for the husband under a written power of attorney from him passes the entire title, such power being sufficient to invest the wife with full authority in the premises.

APPEAL from Harris. Tried below before Hon. S. H. BRASHEAR.

*Frank Moore* and *Jones & Garnett*, for appellant.

*Goldthwaite & Moody*, for appellees.

PLEASANTS, ASSOCIATE JUSTICE.—This is a suit of trespass to try title to five acres of land, situated within the corporate limits of the city of Houston, Texas. Both plaintiff and defendants claim title from Martha Griswold, deceased; the plaintiff as the son and sole heir of the deceased, and the defendants by purchase from her. In support of their claim of title, defendants were permitted, over objections of the plaintiffs, to read in evidence, first, a power of attorney from Josiah Griswold to Martha Griswold, constituting her his attorney in fact to sign his name to a deed for her lands in Texas; and second, a deed of conveyance to B. A. Shepherd, conveying the land in controversy, executed by her, the said Martha, for herself and as attorney in fact for her husband, the said Josiah Griswold. This deed was executed in Texas by Martha, her husband being at the time in the State of California, in which State himself and his wife then resided. It was agreed that whatever title B. A. Shepherd acquired by the conveyance from Griswold and wife was vested in the defendant, Martha E. Roberts.

The plaintiff deraigned from the estate title to Mrs. Griswold, and proved her death before the institution of the suit, and that he was her sole heir. Upon trial of the cause, the jury, upon instructions from the court, returned a verdict for the defendants, and judgment was rendered in accordance therewith, that the plaintiff take nothing by his suit; and, his motion for new trial being overruled, plaintiff appealed to this court.

The power of attorney from Griswold to his wife, and also the deed executed for herself and as attorney in fact for her husband to Shepherd, are in due form, and each is properly acknowledged, and, under them, the land was conveyed in fee to .Shepherd; unless, as the appellant insists, a deed from husband and wife purporting to convey the land of the wife is invalid, except where the deed is executed jointly by the husband, propria persona, with the wife. This precise question has not, so far as we are aware, been decided by our Supreme Court. It seems that the contention of appellant is sustained by the decisions of the Supreme Court of California. These decisions are based upon the assumption that the law, by requiring that every sale of the wife's property, to be operative and binding upon the wife, must have the assent of her husband, is for the protection of the wife against the fraud or imposition of third parties; and that, by such requirement, the law imposes upon the husband the duty of advising and aiding his wife in making sale of her property, and that this duty can not be evaded, and is not discharged by authorizing the wife, by power of attorney, to execute a joint deed from him and herself to the purchaser of her property. Magher v. Thomson, 49 Cal., 189, and other cases there cited.

But this holding of the California court is not in accordance with the spirit at least of the decisions of the Supreme Court of this State which have determined the requisites of a valid conveyance of the separate property of a married woman. It has never been held or intimated by our Supreme Court, to our knowledge, that it is essential to make good a conveyance for the wife's separate property, that the wife must be advised or counseled by the husband in respect to the sale. But, on the contrary, it is expressly declared in Riley v. Wilson, 86 Texas, 242, that, while the privy examination and acknowledgment of the wife required by the statute is essential to the conveyance, the advice and counsel of the husband are not essential. The statute requires that there shall be a joint conveyance from the husband and wife for the separate property of the latter. But the statute does not say how, or in what way, the husband shall do this; whether he shall do so in person, or by an attorney in fact; and since the husband and wife may, under the well settled law of this State, by their joint power of attorney effect a sale of her property through an agent, it cannot be doubted, we think, that the husband may, by his separate power of attorney, authorize another to execute for him, jointly with his wife, a conveyance of her property. If this power can be delegated to a stranger, why may it not be conferred upon the wife? The law permits and authorizes the husband to

constitute the wife his agent to act for him in matters affecting his individual rights, and since his advice and counsel to his wife are not essential to the validity of the sale of the wife's property, we can conceive of no sufficient reason why the husband may not authorize the wife to execute for him, and in his name, jointly with herself, a deed of conveyance for her separate property.

The status of a married woman in respect to the acquisition and alienation of property is not, under the law of this State, what it is under the common law; her existence is not merged into that of her husband, but her capacity to acquire property, either by inheritance or by purchase, in her own name and for her sole and separate use, is co-extensive with that of her husband, and the only restraint upon her power to alienate her acquisition is such as is imposed by statute. The statute, as we have seen, only requires that the act of sale be freely and willingly made by her, without compulsion or restraint, and that this freedom of action be evidenced by her acknowledgment and her privy examination made and had before an authorized officer, and his certificate thereto, and that the sale be made by joint conveyance of the wife and husband. The mode and manner in which the joint conveyance is to be effected, is, we think, left by the law to the discretion of the parties concerned, to be selected by them as their situation and convenience may demand; and it is, in our opinion, immaterial whether the conveyance be effected by the deed of the attorney in fact of the husband and wife, or by separate deeds of the husband and wife, or, as in this case, by deed executed by the wife in her own right and as the attorney in fact of her husband.

The trial court did not err in directing the jury to return a verdict for the defendants, and rendering judgment against the plaintiff.

The judgment is affirmed.

*Affirmed.*