### T. F. Frazier v. J. H. Lambert.

#### Decided January 30, 1909.

**1.—Contract—Married Woman—Damages.**

In a suit by the husband to recover damages for the breach of a contract for the sale of land, the fact that the contract was made and entered into with a married woman, the wife of plaintiff, was no defense. The defendant could not avoid the contract for that reason.

**2.—Sale of Land—Description of Land.**

Where a contract for the sale of land was dated at Dallas, Texas, and the land was described as "lot twenty-seven, block 3/929 and better known as number 126, McKinnon Street," it was sufficient to identify the lot.

**3.—Briefs—Assignment of Error—Exclusion of Evidence.**

Where several assignments of error were grouped, and each complained of the admission of different testimony in evidence, and the statement thereunder referred to the bills of exception but stated no fact to show in what the error consisted, and only one of the bills stated the objection to the evidence, the assignments could not be considered.

Appeal from the County Court of Dallas County. Tried below before Hon. W. M. Holland.

*Richardson & Seay*, for appellant.

*F. W. Bartlett*, for appellee.

RAINEY, Chief Justice.—This suit was brought by J. H. Lambert to recover of T. F. Frazier damages accruing to him for the

breach of a contract for the sale of a lot in the city of Dallas. The defense was that the contract was void, being made with a married woman, the wife of said Lambert; that said contract was signed by the defendant on the condition that Lambert should sign the same, which he failed to do until after the contract had been disavowed by the defendant, and that the lot was not sufficiently described in that, it did not specify the county and State in which the land was situated. A trial resulted in a verdict and judgment in favor of plaintiff for $75.

We think none of the defenses set up are tenable under the evidence. It is true that the contract was entered into with a married woman, but the defendant can not avoid it for that reason. Pitts v. Elsler, 87 Texas, 347. The evidence fails to support appellant's contention that he had disavowed the contract before it was signed by Lambert, even if it should be held it was necessary that he should sign it to bind Frazier for a breach of same.

There is no such want of description of the lot as to make the contract nonenforceable. The contract was dated "Dallas, Texas," and the land described as follows: "Lot twenty-seven, block 3/929, and better known as No. 126 McKinnon Street." This description was sufficient to identify the lot and there was evidence, uncontradicted, fully identifying the lot mentioned in the contract. (Watson v. Baker, 71 Texas, 748; Fulton v. Robinson, 55 Texas, 401; Morrison v. Dailey, 6 S. W., 426.)

The eleventh, fourteenth and fifteenth assignments of error are grouped and asked to be considered together. They complain of the exclusion of evidence. The sole proposition thereunder is: "Material and relevant testimony should have been admitted." The statement thereunder cites the bills of exceptions, giving numbers and pages, and which bills only state that the testimony was offered and excluded. It does not state any fact to show in what the error consisted in the exclusion. Only one of the bills states the objection to the evidence on which it was excluded. Each assignment complains of the admission of different testimony, and we think the assignments are not presented as required by the rules, and the same will not be considered. (Galveston, H. & S. A. Ry. Co. v. Smith, 24 Texas Civ. App., 127; Cage v. Tucker, 25 Texas Civ. App., 48.) The evidence supports the judgment and it is affirmed.

*Affirmed.*