## CRUTCHER et al. v. SLIGAR et al.
### (No. 9259.)

(Court of Civil Appeals of Texas, Ft. Worth. March 20, 1920. Rehearing Denied May 1, 1920.)

**1. Husband and wife ⬤➛86—Recovery on agreement between married women for acquisition of oil leases.**

Where plaintiff and defendant, married women, agreed to use their time and money in the acquisition of oil leases, and title was taken in the name of defendant, who had been given a general power of attorney by her husband, partition of the lease as acquired may be had at the instance of plaintiff, even though plaintiff was still under coverture; the transaction not being ordinary commercial partnership.

**2. Husband and wife ⬤➛21—Married woman may act as agent of husband.**

A married woman may act as agent for her husband.

**3. Husband and wife ⬤➛90—Plea of coverture is personal.**

The plea of coverture is personal to the married woman, and the opposite party cannot escape liability on a contract because it is with a married woman; hence, where defendant had a general power of attorney from her husband, she cannot escape liability on a contract with another married woman because of such married woman's coverture.

Appeal from District Court, Tarrant County; R. E. L. Roy, Judge.

Action by Mrs. Mattie Crutcher and her husband against James N. Sligar and others. From the judgment, plaintiffs appeal, and defendants assign cross-errors. Reversed, and rendered for plaintiffs in part, and in

part undisturbed; the case being certified to the court below.

Gaines B. Turner, of Ft. Worth, and N. B. Morris, of Palestine, for appellants.

Thompson, Barwise, Wharton & Hiner, of Ft. Worth, for appellees.

CONNER, C. J. The appellant, Mrs. Mattie Crutcher, joined by her husband, C. L. Crutcher, instituted this suit against James N. Sligar, Mrs. G. A. Griffiths and her husband, J. S. Griffiths, and others hereinafter named, to partition and recover an undivided one-half mineral interest in certain lands conveyed by special oil leases and designated as the Harrington, Robinson, Brown, and Crowe leases.

The appellee Sligar claimed an interest in the Harrington lease alone, and as to this the judgment below was in favor of the Crutchers; and we will therefore not notice the Harrington lease further until we dispose of the appellees' cross-assignment questioning the judgment in this respect. A. W. Samuels and George Thompson, Jr., were also made parties defendant upon allegations to the effect that the title to the leases in question. had been vested in them as trustees for the Griffithses, but, inasmuch as these parties are not asserting any claim other than as trustees, holding the naked legal title for the benefits of the Griffithses, we will not further notice them in the course of this opinion, nor will we particularly notice certain allegations and evidence relating to a written contract under which the plaintiffs also asserted their rights.

Addressing ourselves, therefore, to those allegations and parts of the record necessary to an understanding of our conclusion, it may be said the plaintiffs alleged that the plaintiff Mrs. Mattie Crutcher and the defendant Mrs. Griffiths entered into a verbal contract by the terms of which they would acquire oil leases by their joint efforts and joint expenditures of money, and that, when so acquired, they would be jointly owned by said two parties in equal shares, and, pursuant to this agreement and in accordance with its terms, Mrs. Crutcher and Mrs. Griffiths acquired and now own the Robinson, Brown, and Crowe leases in equal shares, that the titles thereto had been taken in the name of Mrs. Griffiths in trust for both of said parties in equal shares, and that defendants had repudiated said trust and were refusing to recognize plaintiffs' rights as acquired under said oral contract, and the prayer was for partition, the appointment of commissioners, etc.

The defendants answered by certain demurrers, a general denial, and specially pleaded that the plaintiffs were not entitled to recover, in that it appeared from the plaintiffs' petition that both Mrs. Crutcher and Mrs. Griffiths were at the time married women, and were not joined by their respective husbands.

The case was tried before the court without a jury, and we have before us his conclusions of fact and law upon which he predicated his judgment in favor of the defendants, and the plaintiffs have appealed.

The conclusions of fact are not questioned by either party, and we quote those conclusions pertinent to our determination of the case, viz.:

"I find that on or about the 10th day of August, 1918, that Mrs. G. A. Griffiths and Mrs. Mattie Crutcher entered into a verbal contract of copartnership by the terms of which the said Mrs. Mattie Crutcher was to put in her time and the expense money for the purpose of trying to recover the lease known as the Robinson lease, and also the said verbal agreement extended to any other leases that might be acquired wherein the said Mrs. Crutcher put in any time or paid any money for the purpose of procuring said leases.

"I further find that the said verbal agreement of copartnership entered into by and between the said parties was for the purpose of acquiring an interest in lands and including the said Robinson lease and any other leases that might be acquired by the joint efforts and joint expenditure of money on the part of either of said parties. I further find that the three leases, to wit, Robinson, Brown, and Crowe, were procured by the joint efforts and joint expenditure of both of said parties, and that under their partnership arrangement they would have an equal interest therein. I further find that Mrs. Crutcher put in all the time and money, amounting to approximately $50, which was contemplated by said verbal agreement between both of said parties, both being married women at said time.

"I find that the said verbal contract was entered into on or about said date by and between Mrs. Crutcher and Mrs. Griffiths, as aforesaid, and was made without joinder of their husband, although at said time the plaintiff, Mrs. Mattie Crutcher, and the defendant, Mrs. G. A. Griffiths. were living with their respective husbands.

"I further find that the benefits and profits in contemplation to be realized and any realized from the verbal contract, as aforesaid, belonged to the community estate of each respective party. * * *

"I find that the verbal contract entered into by and between plaintiff Mattie Crutcher and defendant G. A. Griffiths, both married women, and which was made without the joinder of their respective husbands, C. L. Crutcher and J. S. Griffiths, and which contemplated a partnership arrangement between the aforesaid two married women by the terms of which they would acquire an interest in the minerals in and under certain lands, was and is unenforceable."

[1] We conclude that the court erred in his conclusion that the verbal contract, alleged and as found by the court, was unenforceable, and that such error is fundamental. We therefore pretermit a discussion of several objections made by appellees to the

single assignment of error presented by appellants. The court in his conclusions did not specify the particular ground upon which he concluded that the contract was unenforceable. It was presumably, however, upon the ground the appellees now urge in support of the judgment before this court. Appellees insist that Mrs. Crutcher and Mrs. Griffiths, being married women, could not, under the decisions in Texas, form a contract of partnership, nor act in any such capacity, citing Brown v. Chancellor, 61 Tex. 437; Purdom v. Boyd, 82 Tex. 130, 17 S. W. 606; Miller v. Marx & Kempner, 65 Tex. 131; Red River Nat. Bank v. Ferguson (Sup.) 206 S. W. 923; and other coses.

We think this case, however, is distinguishable from those cited by appellees. Those were cases of commercial partnerships, but the case before us, as we construe the court's findings, is a contract for the joint acquisition of lands, and that such contracts, though verbal, do not run counter to our statutes of frauds and are enforceable has often been decided. James v. Fulcord, 5 Tex. 256; Gardner v. Randell, 70 Tex. 453, 7 S. W. 781; Floyd v. Duffy, 68 W. Va. 339, 69 S. E. 993, 33 L. R. A. (N. S.) 883; Pipkin v. Bank, 179 S. W. 949; Ryan v. Lofton, 190 S. W. 752; Schultz v. Scott, 210 S. W. 830; Henderson v. Rushing, 47 Tex. Civ. App. 485, 105 S. W. 840; Matthews v. Deason, 200 S. W. 855.

Moreover, the plaintiffs were not seeking a specific performance of the contract. The contract was an executed one, and by virtue thereof the right or title became vested, and the plaintiffs merely sought a partition of that which had already become the joint property of Mrs. Crutcher and Mrs. Griffiths. The case is one of an express trust, or, if the contract as such be entirely disregarded, equity, by reason of Mrs. Crutcher's efforts and expenditure of money, would imply a trust in her favor.

In this connection we should add that, while not embodied in the court's conclusions of fact, it is undisputed, as shown in the statement of facts, that during the times of the several transactions involved Mrs. Griffiths was acting under a general power of attorney from her husband. The power of attorney which was executed by J. S. Griffiths to his wife, Mrs. G. A. Griffiths, on the 24th day of April, 1918, recites that it was executed in order that Mrs. Griffiths might conduct her business as fully and completely as if her husband were personally present. It further recites that:

"The power and authority conferred hereby is, and is intended to be, broad, full, and complete, covering any and all transactions that arise, whether the buying or selling of real estate, the taking or making of leases, on any time and terms, whether for cash, or part cash and credit, contracting for the drilling of wells, or being contracted with by others drilling wells, the execution of promises to pay money, or do other specific things relating to the hypothecation of assets, of any character whatever, to execute bonds of guaranty that contracts made by her or by others shall be faithfully performed on conditions and in the manner and within times as may seem best to her. And I do hereby ratify and confirm all acts done by her in my name jointly with her, or done by her in her own name, without my joining her, as fully and completely as if I were present to do, and to consent to her doing, and did do and consent to her doing, each and all such things."

[2] The following authorities hold that a married woman may act as agent for her husband: Rogers v. Roberts, 35 S. W. 76; Wetzel v. Simon, 87 Tex. 403, 28 S. W. 942; Presnall v. McLeary, 50 S. W. 1066; Speer's Law of Marital Rights, § 158, p. 210.

[3] Mrs. Griffiths therefore seems not to have been under any disability in making the verbal contract found by the court, and, if resort to that contract be necessary, the plea of coverture on the part of Mrs. Crutcher is not available to appellees. That plea is one of personal privilege. A married woman may avoid her contract generally (no legislative authority therefore being found) on the ground of her coverture if done in a reasonable time, but those laboring under no disability who deal with her cannot avoid responsibility merely because she did not have the capacity to contract. Mr. Justice Speer, in his admirable work on the Law of Marital Rights in Texas, § 186, par. 1, says:

"Though the wife may not be bound by her contract, the other party is not for that reason himself relieved. The rule is thus put by Justice Brown, now Chief Justice: 'If she [the wife] contract to buy on a credit and execute a note for the price, she may or not, as she may elect, proceed with the contract, and the person contracting with her cannot refuse to carry out the agreement because she is a married woman.' The principle is that, like all other voidable contracts, the one in whose favor dissolving vice exists may waive it, in which even the other cannot complain, for he has his bargain."

See, also, Pitts v. Elsler, 87 Tex. 347, 28 S. W. 518; Frazier v. Lambert, 53 Tex. Civ. App. 506, 115 S. W. 1174; Watkins' Land Co. v. Campbell, 81 S. W. 560.

We conclude that the judgment below on the phase of the case we have discussed should have been in accordance with the prayer of the appellants, and the judgment will be here reversed and so rendered, but left undisturbed as to that part of the judgment rendered by the court below in favor of the appellants. As to the latter feature of the case, however, appellees present a cross-assignment. It appears that appellee Sligar was the owner of some 774 acres of land, and that he entered into a written contract with Mrs. Crutcher and Mrs. Griffiths to the effect that, if they would sell 500 acres of said land for $6 per acre, he (Sligar)

would give to the women named an undivided two-thirds interest in the remainder. It further appears that Mrs. Crutcher and Mrs. Griffiths negotiated with A. W. Samuels for a lease of the land. A. W. Samuels was willing to give $6 per acre, but insisted upon having 600 acres instead of 500. It seems that Sligar and both Mrs. Crutcher and Mrs. Griffiths really preferred to sell the 500 acres only, but, upon Samuels' insistence, the sale was finally completed as he desired it, he (Samuels) leasing 600 acres at $6 per acre. The only basis for appellees' contention under cross-assignment is that 600 acres instead of 500 acres was sold. We think there is no merit in the contention, and the cross-assignment is accordingly overruled.

We finally conclude, as stated,· that the judgment below should be reversed, and here rendered for appellants in part and left undisturbed in part. The case, however, will be certified to the court below for observance, and for such further proceedings as may be necessary to the partition of appellants' interest as adjudged.