KOLLAER v. PUCKETT et al.    (No. 1812.)

(Court of Civil Appeals of Texas. Amarillo. May 4, 1921. Rehearing Denied June 1, 1921.)

1. **Damages ⬤⇒81—Agreement for forfeiture of cash payment one for liquidated damages.**

Where a contract for the purchase and sale of land provided for forfeiture of a cash payment in event of the purchaser's failure to consummate the contract, the agreement was one for liquidated damages; it appearing that, due to the discovery of gas in the vicinity, real estate fluctuated, and that the property also had a speculative value as trackage for a railroad.

2. **Evidence ⬤⇒18—Courts will take judicial notice of effect on real estate values of discovery of gas.**

The courts will take judicial notice of the fluctuating value of real estate as the result of discovery of gas in the vicinity.

3. **Damages ⬤⇒59 — Fact that vendor made equally advantageous sale no defense to provision for liquidated damages.**

Where the parties agreed that in the event of the purchaser's nonperformance he should forfeit a cash payment as liquidated damages, the fact that his vendor later made an equally advantageous sale is no defense to a claim for such damages.

4. **Appeal and error ⬤⇒1001(1)—Findings on sufficient evidence not disturbed.**

A finding of the jury on sufficient evidence will not be disturbed.

5. **Husband and wife ⬤⇒187.—Where husband was willing to join in conveyance, separate agreement by married woman to sell her own property not void.**

Under Vernon's Ann. Civ. St. Supp. 1918, art. 4621, an agreement by a married woman, made in the absence of her husband, for the sale of her separate property, is not void, where the husband was willing to join her in the conveyance, and joined her in an action for breach thereof.

6. **Damages ⬤⇒83—Whether provision is for penalty or liquidated damages for court.**

Whether a provision in a contract is one for a penalty, or liquidated damages, is one for the court, and not for the jury.

7. **Husband and wife ⬤⇒90—Plea of coverture personal to married woman.**

The plea of coverture is personal to a married woman, and where her contract is otherwise valid, and she desires enforcement, the opposite party cannot defeat it on the ground of her coverture.

8. **Vendor and purchaser ⬤⇒327—Broker not necessary party to action for breach.**

Where a contract provided for payment by the vendor of a commission to a broker, and for payment of one-half of the cash deposit in event of forfeiture, the broker was not a necessary or proper party to an action to forfeit the cash payment; his interest being contingent.

9. **Evidence ⬤⇒213(2)—Testimony as to statements by purchaser not offer of compromise, but admissible. as practical construction of contract.**

In an action for breach of contract for the purchase of land, which provided for forfeiture of cash payment in event of purchaser's default, testimony by vendor's husband that the purchaser stated he wanted to take the property, but was not able, and did not want to pay the damages, together with a further statement that, if a 60-day option was made, he would take the property, was admissible to show a practical construction by the parties of the provision for liquidated damages, and breach, and was not objectionable as being evidence of a proposition to compromise.

Appeal from District Court, Potter County; Henry S. Bishop, Judge.

Action by Florence A. Puckett and husband against John W. Kollaer and the Amarillo National Bank. From a judgment for plaintiffs, defendant Kollaer appeals. Affirmed.

Veale & Lumpkin, of Amarillo, for appellant.

C. E. Gustavus, of Amarillo, for appellees.

HALL, J. Appellee Florence A. Puckett, joined by her husband, John W. Puckett, filed this suit against appellant and the Amarillo National Bank to recover as liquidated damages the sum of $2,000, by reason of a breach of a contract of sale of certain real estate, entered into between Kollaer and Mrs.

---

⬤⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Puckett. The bank was made a party by reason of being a stakeholder. Among other stipulations the contract contained the following:

"Said second party [appellant], for and in consideration of the above, hereby agrees to accept said first party's conveyance to said property, by not later than five days after said abstract is furnished, in accordance herewith, and to pay the above consideration therefor at the Amarillo National Bank of Amarillo, Texas, or, failing to do so, to forfeit to the first party the sum of $2,000, this day deposited with the Amarillo National Bank to guarantee that he (second party) will fulfill all conditions of this agreement that are incumbent upon him, and in case of such forfeiture first party shall take and receive the said forfeit money as full liquidated damages accruing to him by reason of such failure, and in that event this contract shall thereafter be canceled and held for naught to all parties hereto."

The case was tried in the court below upon appellee's original petition, which alleged in substance that Florence A. Puckett owned certain lots described therein on Fifth street in Amarillo; that, desiring to sell said property, she made and entered into a contract with appellant for the sale and conveyance to him of said lots for the total consideration of $25,000, to be paid $8,000 in cash and the balance in four equal annual payments, with interest at the rate of 8 per cent. per annum; that by the terms of the contract Mrs. Puckett was to furnish an abstract of title within 15 days, appellant should have 5 days after the delivery of the abstract to him to examine the same and in the event the title was not merchantable, and Mrs. Puckett should have 5 days in which to perfect the title; that appellant was to accept a conveyance in 5 days after abstract was so furnished, and to pay the consideration therefor, or, failing to do so, he should forfeit to Mrs. Puckett the sum of $2,000, which was deposited in the Amarillo National Bank, to guarantee the fulfillment of all the conditions of the contract, and that said sum of $2,000 should be accepted by Mrs. Puckett as full liquidated damages accruing by reason of appellant's failure to perform; that the contract erroneously described the lots as running 150 feet on Fifth street, instead of 140 feet, which was caused through an error of the draftsman; that appellant had seen said property, and understood that there was an alley through the block, and that the lots only extended 140 feet, instead of 150 feet, on Harrison street. Appellees further allege compliance and tender of performance on their part, and the refusal of appellant to accept the abstract, and his failure to perform the obligations imposed upon him by the contract; that the bank had refused to pay to them the $2,000 held by it. A copy of the contract was made an exhibit to the petition.

In its original and supplemental answers the bank alleged, in substance: That the ap-pellant drew a check upon it in the sum of $2,000, payable to escrow account, with the following notation upon it: "To Florence A. Puckett, earnest money on lots 11 to 16, inclusive, block 50, G. & S. addition, Amarillo." That on March 29th the contract of sale and check were deposited with it, and soon after it was discovered that appellant did not have sufficient funds to pay the check, whereupon appellees' agent was notified of the insufficiency of funds, and thereafter appellant requested that the payment of the check be stopped. That it handled the item without consideration, merely as a stakeholder, and had no interest whatever in the transaction. By his answer the appellant demurred generally to the petition, which also contained several special exceptions; the first being that the petition was insufficient because it appeared that there is a misjoinder of proper and necessary parties, in that from the exhibits attached thereto J. L. Summers, a real estate broker, was shown to be interested in the contract sued upon. Appellant answered by general denial and specially pleaded as follows:

"(a) That if he breached said contract, which is not admitted, but denied, then appellees should not recover, because they have suffered no damages, in that within a short time after the contract was entered into, and before the expiration of the time for the consummation of the same, appellees sold the lots to W. E. Herring for the sum of $25,000. (b) That at the time appellant executed the contract he understood that the lots had a frontage of 150 feet on Fifth street, and when he ascertained that they had only 140 feet frontage on said street he refused to comply with the terms thereof, and had therefore not breached the contract. (c) That the said $2,000 was placed in the bank as earnest money to secure the performance of the contract, and it was so understood and agreed at the time of its execution, as shown by the check, and that the sum was a penalty, and not liquidated damages; that plaintiff's damages were certain and easily ascertained, and by reason thereof the sum claimed as liquidated damages was and should be held to be a penalty; that it was greatly in excess of any damages sustained or contemplated by appellees, and was therefore a penalty, and not liquidated damages; that the contract was written by appellees' agent, and that said agent, as well as appellant, understood that said $2,000 was placed in the bank as earnest money, and was not understood or agreed upon as liquidated damages, as shown by the notation written on the check; that if the money and contract were placed in the bank as representing liquidated damages, it was the result of mutual mistake of appellant and said agent, and that appellees so understood it; that said check was exhibited to her prior to the time she executed the contract, and she was thereby estopped. (d) That appellees have not suffered any actual damages, and by reason thereof are not entitled to recover said sum of $2,000. (e) That the contract sued upon is not enforceable, because at the time it was executed Florence A.

Puckett was a married woman; that it pertained to the sale and conveyance of her separate lands, and her husband did not join her in the contract."

Replying to the answer of appellant, appellees excepted both generally and specially, denied the allegations therein contained generally, and specially alleged that the property mentioned in said contract was the separate property of Florence A. Puckett, and that she was authorized by law to manage, control, and contract with reference thereto, without being joined by her husband; that by entering into the same appellant is estopped to deny the validity of the contract, and that the husband of Mrs. Puckett was willing and ready to join her in a conveyance in accordance with the terms of the contract; that the sale of the property to Herring was made after appellant had breached the contract, and for a less cash payment, and at a lower rate of interest, and was not as advantageous to them as the sale under the contract sued upon; that the amount of damages which appellees would suffer was uncertain and indefinite, since the property was trackage property, situated upon a spur of the Ft. Worth & Denver City Railway, for which reason the $2,000 was agreed and stipulated to be liquidated damages; that after the execution of the contract appellant met appellee J. W. Puckett, and requested that the contract be changed, and that appellant would give him the $2,000 for an option for 60 days for the purchase of the property; that he made no reference in said conversation to the fact that the property fronted only 140 feet, instead of 150 feet, as stipulated in the contract, and by reason thereof appellant was estopped from setting up the mistake in the description as a defense.

The issues twere submitted to the jury, and found as follows: (1) That appellant breached the contract made and entered into by him with the appellee Florence A. Puckett; (2) that Florence A. Puckett did not sustain any damages by reason of the breach of the contract; (3) that she did not sustain any damages by breach of the contract by appellant and in the subsequent sale of the property to W. E. Herring; (4) that it was the intention of the parties to the contract that the sum of $2,000 mentioned therein should be taken and received as liquidated damages, and not as a penalty; (5) that appellees tendered an abstract of title within the time required; (6) that appellant refused to receive the abstract and have it examined; (7) that appellees are ready, willing, and able to execute a deed in accordance with the contract; (8) appellant understood that the property had a frontage of only 140 feet on Fifth street, and that there was an error in drafting the contract.

[1, 2] Under the first assignment it is insisted that the court should have sustained appellant's motion for judgment, because it appears from the verdict that plaintiffs have not been damaged by reason of the breach of the contract and that the evidence supports the verdict in this particular. The question presented by this assignment was considered by Justice Boyce in the case of Garrard v. Cantrell, 232 S. W. 911 (not yet [officially] reported), and decided adversely to the contention of appellant. If we should consider the fact, as urged by appellant, that the lots sold, soon after the contract was breached, for the same total consideration which appellant had agreed to pay, it is nevertheless not clear that appellees have not suffered actual damages. Appellant contracted to pay $8,000 cash and the balance in four equal annual installments, with 8 per cent. interest from date. W. E. Herring purchased the same property for $5,000 cash and executed his note for $20,000, due on or before five years from date, at 6 per cent. interest. The case of Eakin v. Scott, 70 Tex. 442, 7 S. W. 777, was tried and decided upon an agreed statement, reciting that no actual damages resulted to plaintiff by reason of defendant's breach, and yet the Supreme Court held that the note for $8,000, which it was stipulated "is to act as a forfeiture by the said Aiken, in the event he abandons this trade," was to be taken as stipulated damages, and not a penalty. It would seem from this and other cases that the reasonableness of the damages is to be determined as of the time of the making of the contract; that is to say, in regard to any possible amount of damages which may be conceived to have been within the contemplation of the parties at that time, and that if it is found that the stipulation is for liquidated damages, it is immaterial that no actual loss has in fact resulted from the breach.

It may be reasonably inferred from the record that appellant was buying the property for speculative purposes. He stated about the time of the breach to J. W. Puckett that he still thought well of the property; that he had confidence in Amarillo, and that he thought the property would make money, and notwithstanding the efforts of his banker, C. T. Ware, to discourage him in it, he proposed to pay $2,000 for an option for 60 days. The property had four houses on it. It abutted a spur track of the railroad, and had for that reason a special speculative value as trackage property. As further affecting a fluctuating value of real estate in Amarillo, this court could, if necessary, take judicial cognizance of the recent discovery, production, and use of gas in large quantities in this vicinity, as a matter of local history and general knowledge and information. State v. Indianapolis Gas Co., 163 Ind. 48, 71 N. E. 139; Consumers' Gas Trust Co. v. Littler, 162 Ind. 320, 70 N. E. 363; Knight v. Empire Land Co., 55 Fla. 301, 45 South. 1025. Judges are not required to

shut their eyes to what everybody in the community knows.

[3] Even if the sale to Herring was for a price which resulted in the appellees' losing nothing, it is a matter independent of the transaction between them and the appellant, and to which appellant contributed in no way. If the sale to Herring could be considered as compensation to appellees for the damages resulting from appellant's breach, it is derived from a collateral source, and cannot operate to the advantage of appellant. 8 R. C. L. p. 554, § 105. To hold otherwise would, in effect, be the abrogation by the court of an express term of the contract and the substitution therefor of a new and different stipulation, fixing a measure of damages uncertain in its nature, which the parties did not contemplate or assent to in the beginning.

In addition to the cases cited in the Garrard Case, supra, the following cases, growing out of breaches of contract for the sale of lands, wherein the Supreme Court has upheld a like provision as a stipulation for liquidated damages, we cite the following: Talkin v. Anderson (Sup.) 19 S. W. 852; Lipscomb v. Fuqua, 103 Tex. 585, 131 S. W. 1061; Moss & Raley v. Wren, 102 Tex. 567, 113 S. W. 739, 120 S. W. 847. In the instant case it is not shown that the amount stipulated for as damages in the event of a breach does not approximate the actual damages which would have resulted under ordinary circumstances, and since the amount of actual damages was uncertain and difficult of ascertainment, we overrule the several assignments raising this question.

[4] The jury having found upon sufficient evidence that the appellant understood that the lots had a frontage of only 140 feet on Fifth street, and that the scrivener was in error in describing it as fronting 150 feet, the second assignment is overruled. It further appears that appellant did not predicate his refusal to consummate the deal upon this ground, and that the variance occurred to him afterward.

[5] The lots were the separate property of Mrs. Puckett, and it was shown that, although her husband was away from home at the time the contract was signed, he was willing upon his return to join her in a conveyance to appellant, and has in fact joined her as party plaintiff in the suit. The contract is therefore not void. Vernon's Ann. Civ. St. Supp. 1918, art. 4621; Williams v. Doan, 209 S. W. 761.

[6] Whether a stipulation in a contract providing for damages in the event of its breach is to be construed as a penalty or as liquidated damages, by the court or by the jury, is held by the weight of authority to be one of law. Texas Courts of Civil Appeals are not in harmony upon the question. McMillan v. Bowie National Bank, 56 Tex. Civ. App. 45, 119 S. W. 709; Norman v. Vickery, 60 Tex. Civ. App. 449, 128 S. W. 452. It becomes unnecessary for us to decide the question in this case, since both the court and the jury found that the contract provided for liquidated damages.

[7] The plea of coverture is personal to Mrs. Puckett, and appellant cannot avail himself of the fact that she was a married woman, if the contract is otherwise valid as to him. Crutcher v. Sligar, 224 S. W. 227; Frazier v. Lambert, 53 Tex. Civ. App. 506, 115 S. W. 1174.

[8] The contract contained this paragraph:

"(6) It is also agreed and understood that the real estate firm of J. L. Summers, of Amarillo, Texas, is acting as the agent of the first party, and that the first party will pay them the commission for making this sale, and should the forfeit money be forfeited to the first party, first party will pay said agents one-half of same, not to exceed, however, 5 per cent. of the gross amount involved in this transaction, if this sale should have been actually consummated."

It is clear from this language that Summer's interest was not in the suit, or in the effort made by appellees to recover the money, and that his interest was contingent upon the $2,000 being forfeited, and after it actually came into the possession of Mrs. Puckett. He was therefore neither a necessary nor proper party.

[9] J. W. Puckett testified that he had offered to deliver the appellant the abstract of title, and it was refused, and afterward he met appellant, who stated that he wanted the property and was willing to take it, but was not able to do so; that subsequently he had another conversation with appellant, when he stated that he still thought well of the property, had confidence in Amarillo, and that he thought the property would make money, but did not want to pay $2,000 damages, as he got nothing in return for it, but said that, if a 60-day option was made, he would take the property and pay the $2,000, and asked witness to go home and talk to Mrs. Puckett about it. This evidence was not objectionable, as being a proposition to compromise. It was at least admissible as tending to show a practical construction by the parties of the provision for liquidated damages, as well as to show a breach of the contract by appellant.

While the fifth special issue submitted to the court does submit two separate and distinct questions of fact, and is a practice not commended, no injury is shown to have resulted in this case, and the error, if any, is harmless.

Finding no reversible error, the judgment is affirmed.