## COMMERCIAL HOTEL et al. v. WEEKS et al. (No. 990.) *

(Court of Civil Appeals of Texas. Beaumont. June 27, 1923. Rehearing Denied Oct. 10, 1923.)

1. Pleading ⊂⇒8(5)—Where petition stated facts on which conclusion based, exception thereto held properly overruled.

Though an allegation of a petition that "defendants bound and obligated themselves to pay to plaintiffs the sum of money specified in said petition" stated a mere conclusion, in view of the fact that the petition stated in detail the facts on which the conclusion was based, an exception thereto on such ground was properly overruled.

2. Partnership ⊂⇒141—Purchase by partner of lease of dining room and kitchen held not departure from partnership hotel business requiring consent of other partner.

Where one of two partners, operating a hotel for lodging purposes only, purchased in his own and in his partner's name the lease of the dining room and kitchen which had previously been held by a third person, it was not such a departure from the partnership business as to require the other's special consent to make him liable thereon.

3. Husband and wife ⊂⇒90—Plea of coverture is personal.

The plea of coverture is personal to the married woman, and the adverse party cannot escape liability for breach of contract because it is with a married woman.

Appeal from District Court, Limestone County; A. M. Blackman, Judge.

Action by J. M. Weeks and husband against C. B. Jackson, N. R. Ferguson, and another, copartners under the name of the Commercial Hotel. Action against defendant Ferguson dismissed. From a judgment in favor of plaintiffs against the other defendants, they appeal. Affirmed.

W. H. Graham, of Dallas, for appellants.
Stubbs & Walters, of Mexia, for appellees.

HIGHTOWER, J.  The appellee Mrs. J. M. Weeks, joined by her husband, J. M.

Weeks, filed this suit in the district court of Limestone county against C. B. Jackson, J. A. Underwood, and N. R. Ferguson, alleging that they were partners under the firm name of Commercial Hotel. For cause of action, appellees alleged, in substance, that Mrs. Weeks was the owner in her own right of a lease on the dining room and kitchen of the Commercial Hotel in the town of Mexia, and that on December 1, 1921, said defendants, as a partnership, by written contract, agreed to purchase from appellees the leasehold right which Mrs. Weeks held on the dining room and kitchen of the Commercial Hotel, for the consideration of $3,000; that $1,000 of the purchase money for the lease was paid by defendants when the contract was made, and that, according to the terms of the contract, the remaining $2,000 was to be evidenced by a promissory note of even date with the contract, and to bear interest at the rate of 10 per cent., containing a provision for the usual 10 per cent. attorney's fees, in the event the note was not paid when due. The petition further alleged that possession of the dining room and kitchen was turned over to defendants on December 6th thereafter, but that defendants declined to execute the note, as provided for in the contract, and failed and refused to pay to plaintiffs the remaining $2,000, as they had agreed to do, and the prayer was for recovery of this $2,000, interest, and attorney's fees, as provided by the contract.

All defendants filed a joint answer, which consisted of a general demurrer and general denial. Afterwards Underwood filed a separate answer, consisting of general demurrer and three special exceptions, and a general denial. He then denied, under oath, any partnership with Ferguson, and also denied that Jackson had authority to bind Underwood in making the contract for the purchase of the lease. He did not deny that he and Jackson were partners, but alleged that their partnership was not a trading partnership, and on that ground only denied Jackson's authority to bind him to the contract. He also specially answered that the contract sued upon by the plaintiffs was null and void, because Mrs. Weeks was a married woman, and that she was not joined by her husband in making the contract, and that the contract, being void, would not support the plaintiff's suit, which was one for specific performance. He further alleged that the contract, being void because of Mrs. Weeks' coverture, could not be specifically performed against her, and therefore the contract was unilateral, and its specific performance could not be compelled in favor of plaintiffs.

The case was dismissed as to Ferguson, and proceeded to trial without a jury as against Jackson and Underwood, and the court rendered judgment in favor of plain-

tiffs for the amount sued for, including principal, interest, and attorney's fees, and Jackson and Underwood have prosecuted this appeal. The brief presents nine assignments of error, with a number of propositions relating thereto, but we shall not take them up separately, but what we shall say will dispose of them all.

[1] It is Underwood's first contention that his third special exception to the plaintiff's petition should have been sustained, his contention being that the petition stated a mere conclusion in the language that "defendants bound and obligated themselves to pay to plaintiffs the sum of money specified in said petition." Of course, had the petition not stated the facts upon which this conclusion was based, the exception should have been sustained, but, upon examination of the petition, we find that it stated very fully and in detail the agreement between the parties for the sale and purchase of the lease of the dining room and kitchen of the Commercial Hotel. This contention of appellants is overruled.

[2] It is further contended by appellants that there was no proof of Jackson's authority to bind Underwood in making the written contract for the sale and purchase of the lease. The contract was introduced in evidence, and was signed by Jackson for himself and Underwood, and it is true that there was no evidence introduced to the effect that Jackson was authorized by Underwood to purchase the lease from Mrs. Weeks, but it is also true that there was no denial by Underwood of the relation of partnership between himself and Jackson, and therefore there was no necessity for proof of Jackson's authority to bind Underwood in purchasing the lease from Mrs. Weeks. The undisputed proof shows that Jackson and Underwood were operating the Commercial Hotel as partners, but that they were not boarding the guests prior to the time that the lease on the dining room and kitchen was purchased from Mrs. Weeks. Upon these facts, it is contended by Underwood that Jackson, in purchasing the lease on the dining room and kitchen, acted without authority to bind Underwood, because he thereby undertook to bind the partnership in a business foreign to its purpose; in other words, that the operation of the dining room and kitchen of the hotel was such a departure from their business of running the hotel for lodging purposes only that Jackson was not authorized, without special permission from Underwood, to purchase the lease on the dining room and kitchen. We think there is nothing in this contention, and overrule it. For all that the record discloses, it may be that Jackson and Underwood did not intend to operate the dining room and kitchen in connection with the hotel, but they may have purchased the lease held by Mrs. Weeks with intention to put another in charge of that part of the hotel. At all events, the taking over of the dining room and kitchen of the same hotel that Jackson and Underwood were operating would not, in our opinion, amount to such a departure from the partnership business as would require special consent on the part of Underwood for Jackson's purchase of this lease.

[3] There is nothing in appellant's contention that the contract sued on was void because of Mrs. Weeks' coverture. It is true, as contended by appellants, that the record does not disclose affirmatively that Mrs. Weeks was authorized by her husband to make the contract sued on, and it is also true that the record suggests nothing to the contrary. It is the law, however, that one who contracts with a married woman may not defeat liability when asserted by her under a contract upon the ground of her coverture. That plea may be successfully interposed by the married woman where it is available to her, but it is a personal privilege, available to her alone, and can never be successfully asserted by the other party to the contract as a defense to its breach by him. Crutcher v. Sligar (Tex. Civ. App.) 224 S. W. 227; Pitts v. Elsler, 87 Tex. 347, 28 S. W. 518; Frazier v. Lambert, 53 Tex. Civ. App. 506, 115 S. W. 1174; Watkins Land Co. v. Campbell (Tex. Civ. App.) 81 S. W. 560.

This, in effect, disposes of all contentions made by appellants, and, none of them being tenable, it has been ordered that the judgment be affirmed.