### GENERAL MOTORS ACCEPTANCE CORPORATION v. MERRITT et al.
#### (No. 3672.)

Court of Civil Appeals of Texas. Texarkana. April 11, 1929.

Henry P. Edwards, of Dallas, for appellant.

Wynne & Wynne, of Kaufman, for appellees.

HODGES, J. The agreed facts in this case are, in substance, as follows: In November, 1925, Mrs. Merritt, wife of J. H. Merritt, purchased from a dealer at Jacksonville, in Cherokee county, Tex., an automobile, agreeing to pay therefor a consideration of $1,000. Of the purchase price $280 was paid in cash, and the remainder was to be paid in monthly installments thereafter. The deferred payments were evidenced by a sales contract, in which a lien was retained on the automobile to secure the unpaid balance. The contract bears the signatures of both J. H. Merritt and his wife. Before maturity of the indebtedness the contract was, for a valuable consideration, transferred to the appellant, General Motors Acceptance Corporation. The contract was promptly filed for registration in the office of the county clerk of Cherokee county, which was also the place of residence of Merritt and his wife. In August, 1926, while Mr. and Mrs. Merritt were returning from an auto trip to Dallas, the car was partially wrecked. The wreck occurred in Kaufman county, and the repairs to the value of $223.10 were made by the appellee W. J. Melton at Terrell, in Kaufman county. Upon the failure of Mr. and Mrs. Merritt to pay the repair bill, Melton refused to surrender the car, claiming a lien for the value of his services. This suit was filed by the appellant against Merritt and wife to recover an unpaid balance of $360 due on the sales contract and to foreclose a chattel mortgage on the automobile. Melton was made a party defendant, upon the ground that he claimed a prior lien upon the car. Merritt and wife made no answer to the suit, and judgment was rendered against them by default. Melton filed an answer in which he denied that there was any valid mortgage on the car, or that he had any actual or constructive notice of a mortgage. He further alleged that the mortgage, if any, was void because it was executed by Mrs. Merritt, a married woman. He pleaded in detail that he had made repairs upon the car at the instance of Merritt and his wife, set up the amount of his claim, and asked for judgment making his lien prior to the mortgage relied on by the appellant.

In a trial before the court a judgment was rendered in favor of the appellant against Merritt and wife for the amount of the indebtedness claimed, and a foreclosure of the chattel mortgage on the car subject to the mechanic's lien asserted by Melton.

The only question presented in this appeal is thus stated in the agreed statement of facts:

"It is agreed between the plaintiff and the defendant W. J. Melton that there is only a question of law involved in this case, as between the plaintiff and such defendant W. J. Melton, as to whether or not the certified copy of the instrument introduced would, as a matter of law, be a valid mortgage and be constructive notice to W. J. Melton, it being agreed that there was no actual notice thereof. If the instrument as recorded as a matter of law is a valid mortgage and constructive notice, the plaintiff, of course, should recover; and is entitled to a foreclosure of its mortgage lien as against W. J. Melton. If the same was not a valid mortgage and not constructive notice to W. J. Melton of plaintiff's lien, if any, the plaintiff should take nothing as to W. J. Melton."

That agreement apparently recognizes the

doctrine announced by our Supreme Court that a prior properly recorded chattel mortgage on personal property is superior to a mechanic's lien based upon subsequently made repairs to the property. Commercial Credit Co. v. Brown (Tex. Com. App.) 284 S. W. 911; Vilbig v. Faison (Tex. Civ. App.) 296 S. W. 669.

■■ Since the appellee has filed no brief or argument in this case, it may be assumed that the validity of the instrument relied on by the appellant as a chattel mortgage is questioned upon the ground that it was executed by a married woman. As previously stated, the instrument bears the signature of both Mr. and Mrs. Merritt. But assuming that it was the contract of Mrs. Merritt alone, in which her husband had not concurred, the defense of coverture could not be pleaded by one occupying the attitude of Melton. That defense is personal to the married woman, and no third party can assert it. Crutcher et al. v. Sligar et al. (Tex. Civ. App.) 224 S. W. 227, and cases therein cited; Kollaer v. Puckett (Tex. Civ. App.) 232 S. W. 914; Spear on Marital Rights, § 186. But even a married woman can execute a valid chattel mortgage. Becker v. Goodman-Kantz Furniture Co. (Tex. Civ. App.) 13 S.W.(2d) 735.

We think the court erred in giving priority to the mechanic's lien asserted by Melton. The judgment will therefore be modified accordingly.